LESLIE v. TRACY et al.

(Circuit Court, N. D. Illinois, N. D. March 26, 1900.)

No. 25,085.

1. PATENTS—SUIT TO COMPEL ISSUANCE OF PATENT.
   In a suit brought under Rev. St. § 4915, to require the issuance of a patent to complainant, where the controversy is between two claimants to priority of invention, there can be no adjudication in favor of either unless the alleged invention is patentable.

2. SAME—VALIDITY—CORN SHREDDERS.
   The Tracy & Platt patent, No. 557,727, for an improved corn shredder, adjudged void for lack of invention in a suit brought under Rev. St. § 4915, by a complainant claiming priority of invention, to require the issuance of a patent to him therefor.

In Equity. Suit to compel issuance of patent.

Coburn, Hibben & McElroy, for complainant.
Peirce & Fisher and Charles E. Foster, for defendants.

KOHLSAAT, District Judge. On June 10, 1899, upon final hearing herein, the bill was dismissed for want of equity; the reasons of the court therefor being stated in the following oral opinion:

"This suit is brought under section 4915 of the Revised Statutes, by bill in equity praying that a decree be entered herein requiring the commissioner of patents to issue letters patent for an improvement in corn shredders, application for which was filed in the patent office on June 23, 1896; the contention being that complainant anticipated in point of time the invention secured to John D. Tracy and James F. Platt by letters patent No. 557,727, issued April 7, 1896. It is to the interest of both complainant and defendants to keep out of this record evidence as to the prior art which would tend to show anticipation, and the limited amount of such evidence in the record is doubtless thus explainable. However, the views of the examiner, as disclosed by the contents of the file wrapper, and the testimony on page 195 of the record concerning machines for hackling hemp, sufficiently show, to my mind, that machines for similar purposes, using corrugated rolls, and having nothing intermediate between the rolls and the revolving cutters, saws, or shredders, were not new to the art. It sufficiently appears from the evidence, also, that when it was attempted to use corrugated instead of smooth rolls, in connection with the particular shredders in issue herein, it was found impracticable to use an intermediate cutter bar when wet material was being passed through the rolls. Whether the shredder teeth are one inch or one-sixteenth of an inch from the lower roll, I find that it is simply a matter of degree, to be determined by the requirements of the different materials to be passed through the machines. In either case the shredders can well be said to 'cut against the lower feed roll.' In view of the prior state of the art appearing from the record, I do not consider the combination novel, and therefore find the claims both of Tracy & Platt and of Leslie invalid, under authority of Hill v. Wooster, 132 U. S. 693, 10 Sup. Ct. 228, 33 L. Ed. 502."

Subsequently, and on July 10, 1899, at the instance of the solicitors for both complainant and defendants, the court set aside said decree of June 10, 1899, and ordered that the cause be reopened, with leave to both parties to take additional testimony, restricted to the patentability of the invention at issue, in view of the prior state of the art. From a careful reading of the additional record and briefs, I am satisfied that patentable invention has not been shown in the machines, as constructed by either complainant or defendants. When this matter was passed upon by the court of appeals for the District of Columbia, that court denied the quality of invention to Leslie's accomplishment of dispensing with the cutter bar, and leaving a space of one inch between the shredder head and the lower feed roll, upon general principles of mechanics alone. In that opinion it is intimated that, were it not for the narrow scope to which they were confined in reviewing the patent to Tracy & Platt, lack of invention would also have been declared in regard to the patent issued to the latter. I am unable to distinguish between the principle involved in Leslie's accomplishment and that of Tracy & Platt, in the manner in which said court of appeals reach their conclusion. To my mind, the sole function of the lower feed-roll in both machines is simply to act as a support for the corn fodder, thus causing the latter to resist the downward thrust of the shredder teeth, and, because of such resistance, to be shredded or torn thereby. The lower roll does not assist in such cutting, shredding, or tearing, in any manner, except as it affords such support. For these reasons, the bill will be dismissed for want of equity.