RICHARDS et al. v. MEISSNER et al.

(Circuit Court, W. D. Missouri, W. D. March 8, 1906.)

No. 2,954.

1. INJUNCTION—PRELIMINARY INJUNCTION—EFFECT OF EX PARTE RESTRAINING ORDER.

The granting of a preliminary restraining order ex parte is so perfunctory in character as to be entitled to little weight when the defendants appear to show cause against its further continuance.

2. SAME—GROUNDS—DISCRETION OF COURT.

The granting of a preliminary injunction rests largely in the sound discretion of the chancellor, and while it is not necessary that the court should be satisfied before granting it that the complainant will certainly prevail on final hearing, it should be careful that he has a probable right, and that there is probable danger that such right will be defeated without the court's interposition; and where it appears on the showing made that the right is quite doubtful, and that at least as much injury would result to defendant from granting the injunction as to complainant from its denial, the application should be refused, and especially where there is grave doubt of an adequate redress to the defendant in the event of the bill being dismissed on final hearing.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Injunction, § 304.]

3. PATENTS—SUIT TO COMPEL ISSUANCE—PRELIMINARY INJUNCTION.

Where there has been a contest as to priority of invention between two applicants for patents before the Patent Office and the Court of Appeals for the District of Columbia, both of which tribunals have decided in favor of the same contestant, and the unsuccessful party has instituted a suit in equity in a circuit court to relitigate his right under Rev. St. § 4915 [U. S. Comp. St. 1901, p. 3392], he begins his controversy in that court with a prima facie case against him which he must overcome by such a weight of evidence as to carry thorough conviction to the mind of the judge, and his right to a preliminary injunction in such suit to restrain the defendant from paying his final fee and obtaining a patent is seriously questionable; and in any event such an injunction should not be granted without a clear showing that irreparable injury will otherwise result to complainant.

In Equity. On application for preliminary injunction.

Gage, Ladd & Small and E. Hayward Fairbanks, for complainants.
Frank Hagerman and Rector, Hibben & Davis, for defendants.

PHILIPS, District Judge. The restraining order granted herein by another judge, in practice is so perfunctory in character as to entitle it to little weight when the defendants appear to show cause against

its further continuance. It is essentially ex parte; made without notice to the adverse party. Such restraining orders are often, and perhaps too often, issued by judges when so pressed with other matters that they have not the time to consider, with even little care, the questions of fact and law presented, feeling assured that little harm can come to the defendant in the few days intervening until the application for a temporary injunction will be heard pro and con. With the knowledge this court possesses of the various causes which have concurred to delay so long this hearing, it is of opinion that the complainants are in no position to assert any lack of diligence on defendants' part in not pressing an earlier hearing. The application for a temporary injunction, therefore, stands as if freshly made. Surely the complainants ought not to complain when, for so long a period, they have held the defendants restrained without their day in court. The granting of a temporary injunction rests largely in the sound discretion of the chancellor. While it does not finally determine the rights of the parties to the action, and is intended only to preserve the existing status until the case can be fully heard, and therefore it is not necessary that the court should, before granting it, be satisfied that the complainant will certainly prevail upon the final hearing of the case, the court should, nevertheless, be careful that the complainant has a probable right, and that there is probable danger that such right will be defeated without the special interposition of the court. It is equally true that where, on the showing made at the preliminary hearing, the law as to the right to an injunction is quite doubtful, and that as much, if not more, injury would probably ensue to the defendants than to the complainants, and especially where, in the event of the bill being dismissed on final hearing, there is grave doubt of an adequate redress to the defendants resulting from the injunction, the court should refuse the application for a temporary injunction, and await action until all the facts appear on final hearing.

It appears from the bill itself, accentuated by the affidavits presented on this hearing, that the complainants and the defendants had a serious and protracted contest over their conflicting claims to a patent before the department of the government designated by law for the determination of such questions in the first instance; that, on the successive hearings in the Patent Office, the finding was in favor of the defendants, and that on review by the Court of Appeals of the District of Columbia the action of the Patent Office was affirmed, and a patent directed to be issued to the defendants. While it is true that under section 4915, Rev. St. U. S. [U. S. Comp. St. 1901, p. 3392], the defeated party is entitled to his remedy by bill in equity in the Circuit Court of the United States to have the whole question of priority of invention and right to a patent between the parties thrashed over and determined by the court, it is not correct to say, as some of the Circuit Courts have intimated, that little, if any, regard is to be had for the conclusion reached by the Patent Office on the questions of fact in the contest between the parties before it. On the contrary, Mr. Justice Brewer, in Morgan v. Daniels, 153 U. S. 120, 125, 14 Sup. Ct. 772, 773, 38 L. Ed. 657, held that "upon principle and authority,

it must be laid down as a rule that where the question decided in the Patent Office is one between contesting parties as to priority of invention, the decision there must be accepted as controlling upon that question of fact in any subsequent suit between the same parties, unless the contrary is established by testimony which, in character and amount, carries thorough conviction."

The effect of this pronouncement by the Supreme Court is that where such a contest, as in the case at bar, has been had before the Patent Office, and before the Court of Appeals designated by law for such appeals, and the unsuccessful party nevertheless invokes his right under section 4915, by resorting in equity to a United States circuit court, he begins his controversy in the latter court with a prima facie case against him, which he must overcome by such a weight of evidence as to carry "thorough conviction" to the mind of the circuit judge. Superadded to this, the right of such a complainant, who not only has not obtained a patent, but whose claimed presumptive right thereto has been denied after solemn proceeding on final hearing before the proper department of the government, where such applications are initiated, to a temporary injunction, on filing his bill, under said section 4915, is seriously questionable. In Illingworth v. Atha (C. C.) 42 Fed. 141, Judge Green held that inasmuch as this proceeding under said section 4915 is purely statutory, prescribing specifically what powers the court may exercise thereunder, and does not directly confer upon it the power in such a contingency to grant a temporary injunction pendente lite, such power does not exist. This conclusion, it must be conceded, is reinforced by reference to the succeeding section 4921 [U. S. Comp. St. 1901, p. 3393], which is in pari materia. It declares that "the several courts vested with jurisdiction of cases arising under the patent laws shall have power to grant injunctions according to the course and principles of courts of equity, to prevent the violation of any right secured by patent, on such terms as the court may deem reasonable." Thus limiting the power of the court to grant an injunction "to prevent the violation of any right secured by patent." This, for the obvious reason that until the party has obtained a patent from the government he has no exclusive right to the invention, and is ordinarily not entitled to a standing in court as against an adversary to invoke the extraordinary remedy of injunction. Without here deciding this question one way or the other, it is sufficient for the purposes of the present discussion to say that the right to an injunction is seriously debatable.

It is not apparent to my mind that the cases of Bernardin v. Northall (C. C.) 77 Fed. 849, Wheaton v. Kendall (C. C.) 85 Fed. 666, 669, at all conflict with the ruling of Judge Green in Illingworth v. Atha, supra. The courts in the Bernardin and Wheaton Cases were not discussing the question of the right to an injunction. It does not appear that an injunction was asked for or conceded in those cases. The courts were simply discussing the right of the party under section 4915 after his defeat before the Patent Office, to invoke the assistance of a court of equity; and it was of this condition that the courts, in effect, held that the trial was a judicial hearing by original bill, "with

all the powers of a court of equity at the service of the parties to the suit." The language of courts must be restrained to the fitness of the subject-matter; and in the absence of the question of the right to grant an injunction being before the courts the opinions would be mere obiter dicta had they even discussed such question, which they did not touch. This court, in Standard Scale & Foundry Co. v. McDonald et al. (C. C.) 127 Fed. 709, had occasion to examine this question in a related sense. Mr. Chief Justice Taney, in Gayler v. Wilder, 10 How. 477, 13 L. Ed. 504, said that:

"The discoverer of a new and useful improvement is vested by law with an inchoate right to its exclusive use, which he may perfect and make absolute by proceeding in the manner which the law requires" and that such inchoate right was assignable. He expressly said "the inventor of a new and useful improvement certainly has no exclusive right to it, until he obtains a patent. This right is created by the patent, and no suit can be maintained by the inventor against any one for using it before the patent is issued."

Because of this legal status of a mere claimed inventor, before the concession of a patent, it is not obvious to my mind what restitution the defendants in this case would have against the obligors in an injunction bond in the event of the dissolution of such an injunction. There would be no interference by the complainants with any exclusive right of the defendants as a basis for assessment of damages. What damage would they be in a position to show? At all events, in view of the position of the respective parties to this controversy, the prima facie case already existing against the merits of the complainants' claim, and the grave doubt in the mind of the court as to the existence of the injunctive right under the statute, the complexity presents a clear case where the exercise of the discretion in granting an injunction well justifies the court in refusing to continue in force the restraining order.

The contention of complainants' counsel that if the statu quo is preserved between these parties by the injunction it would obviate any future controversy after the Patent Office had granted a patent to the defendants is of little force. The defendants have followed the law in contesting complainants' right to a patent before the proper tribunal designated by law for passing primarily upon the rights of the parties, which resulted in a determination that the defendants are the first inventors, and are entitled to a patent. And while section 4915 has preserved to the complainants the valuable right to a hearing de novo on the merits before the court, under the circumstances of this case it does seem to me to be but an act of justice to the defendants that the court should await the coming in of all the evidence before taking any affirmative action in the complainant's favor. The bill of complaint on its face does not disclose any facts showing the complainants' right to invoke the extraordinary remedy of injunction. The only allegation touching this question is "that if the said defendant or his assignee, or their attorneys, agents or servants shall be permitted to pay the final fee as aforesaid, that a patent will be issued by the Commissioner of Patents upon his false, fraudulent, and wrongful application as set forth and notwithstanding your orator's rights in the premises, and that if such patent should be permitted to issue, great

and irreparable wrong, injury, and damages will result to your orators." There is no specification or showing as to how there could be any irreparable wrong, injury, or damage to the complainants, pendente lite.

It results that the temporary restraining order will be vacated, and the application for a temporary injunction denied.