RICHARDS et al. v. MEISSNER et al.

(Circuit Court, E. D. Missouri, E. D. June 19, 1907.)

PATENTS—SUIT TO COMPEL ISSUANCE—ISSUES AND PROOFS.

The government is treated as a party to all actions in which the validity of a patent is involved, in order that it may protect the public against a monopoly granted to one who is not entitled thereto, and in a suit under Rev. St. § 4915 [U. S. Comp. St. 1901, p. 3392], to compel the issuance of a patent to complainant for an invention for which one was granted to the defendant, evidence is admissible to show that defendant's patent is void for anticipation, although no such issue is made by the pleadings, and although such evidence may defeat the action.

In Equity. On motion to require a witness before a commission to answer questions.

E. Hayward Fairbanks, for the motion.
Samuel E. Hibben, opposed.

TRIEBER, District Judge. This is a proceeding in equity under Rev. St. § 4915 [U. S. Comp. St. 1901, p. 3392], pending in the United States Circuit Court for the Western District of Missouri.

The complainants having completed their proofs, the defendants proceeded to take the testimony of the defendant Meissner, the patentee, before an examiner, under equity rule 67. Upon cross-examination, the witness was interrogated in relation to British patent 2,182 of 1875 to one Lake, for the purpose of proving that the invention patented to the witness had been anticipated by that British patent, and that, for this reason, there was no patentable novelty in the defendant's alleged invention. The effect of such proof would, of course, not only defeat the patent granted to the defendant, but also defeat this action of the complainants. Counsel for the defendants objected to this testimony upon the ground that the only issue raised by the bill in this cause is whether the Commissioner of Patents erred in refusing the application for a patent of the complainant on his intervention and granting it to the defendant. It is further urged that, had the complainants alleged in their bill that the British patent 2,182 of 1875 had anticipated the invention for which the complainants by this action seek to obtain a patent, the bill would have been dismissed on demurrer, and for this reason it is claimed that these questions are inadmissible. The complainants now ask for an order requiring the witness to answer the questions in relation to the British patent.

Ordinarily, no evidence is admissible in a suit in equity unless relevant and material to the issues as made up by the pleadings. As has been aptly said: "Proofs without allegations are no better than allegations without proof." So far as the pleadings in this case show, there is no such issue as priority of the invention by a third party whose patent antedates the claims of both contestants, and necessarily none could be raised by the complainants in a proceeding under section 4915, Rev. St. But does this rule apply to proceedings of this nature? By virtue of the authority granted by the Constitution, Congress has provided for the granting to inventors of a patent whereby they are entitled to a monopoly of the products of an invention for a limited period as against the entire Nation. While this great privilege is intended as a reward for meritorious inventions, and to encourage them, still it is a monopoly, and, all monopolies being odious, the beneficiary will be held strictly to the terms of his grant.

In United States v. Bell Telephone Company, 128 U. S. 315–370, 9 Sup. Ct. 90, 98 (32 L. Ed. 450), the court say:

"The United States, by issuing the patents which are here sought to be annulled, has taken from the public rights of immense value and bestowed them upon the patentee. In this respect the government and its officers are acting as the agents of the people, and have, under the authority of law vested in them, taken from the people this valuable privilege and conferred it as an exclusive right upon the patentee. * * * This has been taken from the people, the public, and made the private property of the patentee by the action of one of the departments of the government acting under the the forms of law, but deceived and misled, as the bill alleges, by the patentee."

In divorce cases, it has been the practice in the ecclesiastical courts of England for the crown to be represented by its proctor in opposition

to both parties, for the protection of society, and to prevent collusive actions. And in this country it has always been the rule for courts, in divorce proceedings, for the same reasons, not to consider themselves bound by the pleadings, but, on its own motion, examine witnesses and permit evidence on matters not put in issue by the pleadings, but which in the opinion of the court may tend to defeat the action or show collusion or condonation. 9 Am. & Eng. Encyc. (2 Ed.) p. 729.

For like reasons Congress and the courts treat the government as a party to all actions in which the validity of a patent. is involved, in order that it may protect the public against a monopoly granted to one who may not be entitled thereto. It is upon this ground that patents, when granted by the government after all the issues of facts have been determined by one of the departments of the government, are still subject to attack and defeat in a collateral proceeding (section 4920, Rev. St. [U. S. Comp. St. 1901, p. 3394]), although in all other matters it is the well-settled rule that the determination of facts intrusted by law to one of the departments of the government is conclusive, unless there has been a misconstruction of the legal effect of the statute under which the department is acting, or fraud or mistake. Johnson v. Towsley, 13 Wall. 72, 20 L. Ed. 485; Lee v. Johnson, 116 U. S. 48, 6 Sup. Ct. 249, 29 L. Ed. 570; Passavant v. United States, 148 U. S. 214, 13 Sup. Ct. 572, 37 L. Ed. 426; Burfenning v. Ry. Co., 163 U. S. 321, 16 Sup. Ct. 1018, 41 L. Ed. 175; The Japanese Immigration Case, 189 U. S. 86, 23 Sup. Ct. 611, 47 L. Ed. 721; American School of Magnetic Healing v. McAnnulty, 187 U. S. 94, 23 Sup. Ct. 33, 47 L. Ed. 90; Houghton v. Payne, 194 U. S. 88, 24 Sup. Ct. 590, 48 L. Ed. 888; United States v. Ju Toy, 198 U. S. 253, 25 Sup. Ct. 644, 49 L. Ed. 1040; Harris v. Rosenberger, 145 Fed. 449, 76 C. C. A. 225; Lewis Publishing Company v. Wyman (C. C.) 152 Fed. 787.

But whatever doubt may have existed on that point has been removed by what was decided in Hill v. Wooster, 132 U. S. 693–700, 10 Sup. Ct. 228, 33 L. Ed. 502. That was a suit under the same section as is this case, and the contention of counsel, as stated by the court, was:

"That no question is made in the answer but that one party or the other is entitled to a patent, and that therefore evidence which does not tend to show which party is entitled to the patent is irrelevant and should be suppressed."

But the court overruled this contention, and held:

"This court, however, has repeatedly held that, under the Constitution and the acts of Congress, a person, to be entitled to a patent, must have invented or discovered some new and useful art, machine, manufacture, or composition of matter, or some new and useful improvement thereof, and that it is not enough that a thing shall be new, in the sense that in the shape or form in which it is produced it shall not have been before known, and that it shall be useful; but it must, under the Constitution and the statute, amount to an invention or discovery."

In Leslie v. Tracy (C. C.) 100 Fed. 475, the same question was before the court, and it was held, quoting from the headnote:

"In a suit brought under Rev. St. § 4915, to require the issuance of a patent to the complainant, where the controversy is between two claimants to priority of invention, there can be no adjudication in favor of either, unless the alleged invention is patentable." Davis v. Garrett (C. C.) 152 Fed. 723.

In the case at bar, it may be true that this proof may defeat the action of the complainants by showing that they were not entitled to a patent; but, at the same time, it may also show that the defendants are not entitled to a patent, and thus relieve the public from the monopoly created by the granting of the patent to the defendants.

For these reasons, I am of the opinion that the questions in relation to a prior patent covering the claims of the defendants to the patent herein involved should be answered, subject, however, to the right of counsel to note their objections thereto, in order that, upon a final hearing, the trial court may pass upon the admissibility of the evidence without prejudice to anything decided herein.