RICHARDS et al. v. MEISSNER et al.

(Circuit Court, W. D. Missouri. May 4, 1908.)

No. 2,954.

PATENTS—SUIT TO OBTAIN ISSUANCE OF PATENT—ISSUES.

A suit under Rev. St. § 4915 (U. S. Comp. St. 1901, p. 3392), is for the purpose of establishing complainant's right to a patent which has been refused by the Patent Office; and, where such patent was granted to the defendant after interference proceedings complainant is not entitled in such suit to introduce evidence to prove that the patent is void for anticipation, an issue which was not, and could not have been, tendered by the bill.

On Motion to Strike Out Evidence.
See 155 Fed. 135; 158 Fed. 109.

E. Hayward Fairbanks and Gage, Ladd & Small, for complainants.
Samuel E. Hibben and Frank Hagerman, for defendants.

SMITH McPHERSON, District Judge. The motion of defendants to strike from the files certain evidence will be sustained, part of it because taken at a time beyond that fixed by the court. But the important question is with reference to evidence not covered by an issue presented by the pleadings. The bill of complaint is filed under section 4915 of the Revised Statutes (U. S. Comp. St. 1901, p. 3392). It appears from the bill that the parties had a long drawn-out and a vigorously contested hearing before the Commissioner of Patents as to who should have the patent. It was awarded to defendants. Thereupon complainants appealed to the Court of Appeals for the District of Columbia, and there it was decreed that defendants should have the patent. Not only have the facts been passed on by the Commissioner of Patents, which findings of fact according to a long line of authorities are conclusive and at an end, but the facts and law have been passed upon by a court having jurisdiction. Both parties have had their day in a court having jurisdiction of the parties and of the subject-matter, and ordinarily such would and should be the end of litigation. But that question is not now presented for decision. And whether the defeated party has a remedy by appeal to the courts, and likewise a remedy by a bill in equity, is a question only to be passed. Judge Philips in this case held that the complainants were not, after their defeats above noted, entitled to a writ of injunction, and vacated an order for a

restraining order theretofore made by another judge. 158 Fed. 109.

In taking some of the testimony now sought to be stricken out, Judge Trieber held ([C. C.] 155 Fed. 135) that such testimony should be taken to the end that defendant's patent may or may not be made to appear as void for anticipation. I am unable to agree with his conclusion.

For some reason which can only be surmised, but stated to be for the reason that it will avail complainants in an action in the United States courts in the Northern District of Ohio, complainants now in effect ask this court to decree that neither complainants nor defendants are entitled to a patent. But this court is neither seeking to control or thwart another court as to its decrees. What this court must do is to order such a decree as the issues herein made by the pleadings, and the evidence relevant to such issues may in equity require. And what are the issues? They are on the one side that complainants are entitled to a patent. Defendants controvert that issue. If complainants had alleged in their bill of complaint that neither party was entitled to a patent, such a bill would be clearly subject to a demurrer. And, this being so, it would as it seems to me be contradictory to hold that complainants can have a decree in square opposition to a bill, which, if filed, could not stand. I agree with much that Judge Trieber says. I agree that a monopoly is odious. I agree that the public has an interest in the matter. I agree that the government has the right to prevent a monopoly, except such monopolies as are authorized by law. I agree with what he says as to divorce cases. But I do not agree that the case cited by him (Hill v. Wooster, 132 U. S. 693, 10 Sup. Ct. 228, 33 L. Ed. 502) holds that evidence may be taken to support a hidden and concealed issue which issue complainants could not tender by a bill, knowing that it would be followed by a demurrer.

The evidence with reference to anticipation will be stricken out, reserving to complainants, however, the right to have such evidence taken to the Court of Appeals, in the event upon final hearing of complainants being defeated.