MEMORANDUM OPINION
ADKINS, J.
The case is heard on motion to dismiss the amended bill and the amendment thereto, and on rule to show cause why a preliminary injunction should not be granted.
Plaintiff’s original bill is filed under Sec. 4915 R. S. to compel the issue of a patent to plaintiff for improvements in ‘ ‘ Signal Lanterns. ’ ’ The bill states that plaintiff’s claim was rejected by the Primary Examiner on January 18, 1934, and this rejection was affirmed by the Board of Appeals on December 17, 1934. The bill was filed April 12, 1935.
After reciting the claim denied by the Patent Office the bill submits three other claims to which plaintiff alleges he is entitled, but does not state that they were considered by the Patent Office.
The amended bill filed April 17, after repeating the original bill, states that the Commissioner of Patents is about to issue to one Davidson in an application filed in 1929 a patent which he inferentially contends is for the subject matter covered by plaintiff’s original bill, and that the patent is to state that the application is a division of one filed in 1920. Plaintiff says such contemplated action is erroneous for many reasons — that because of certain variations the 1929 application is not lawfully a division of the 1920 application, and that the Patent Office tribunals and the Court of Customs and Patent Appeals had so held; that interference *40 proceedings should have been declared in the Patent Office between the applications of plaintiff and of said Davidson.
Plaintiff asks that the Court enjoin the issue of the patent to Davidson on his 1929 application as a division of the (presumably 1920) application; and that the Court also enjoin the issue of any patent to Davidson on his 1929 application until sufficient and proper investigation has been made by defendant to ascertain whether an interference should be declared between plaintiff’s application and Davidson’s 1929 application, and whether the Davidson application should be rejected on any ground the availability of which defendant was not cognizant of at the time of allowing the same.
On April 18 the Court issued a rule to show cause returnable on April 25, and temporarily restrained the issue of the patent to Davidson.
On April 29, 1935, plaintiff filed an amendment in the nature of a supplemental bill alleging that Davidson had amended his 1929 application in the Patent Office to allege that it was a continuation in part of the 1920 application, and that defendant threatens to issue the patent as a continuation of the 1920 application instead of as a division thereof. Plaintiff alleges that there is no common patentable subject matter between the two applications and that the 1929 application is not a continuation in part of the 1920 application.
The grounds relied on in the motion to dismiss were not before the Court when the rule to show cause and temporary restraining order was signed.
The original bill is clearly a suit under Sec. 4915 R. S. for the issue of a patent to plaintiff, of which this Court has jurisdiction.
The amendments seek to control the judgment of the Commissioner of Patents, first, with respect to the declara *41 tion of an interference, and, second, with, respect to the issue of a patent to another person.
Sec. 4904 R. S. leaves the declaration of an interference to the judgment of the Commissioner. I think the amendments to the hill do not state a case which authorizes the Court to control that judgment. See Ewing v. Fowler Car Co., 244 U. S. 1.
I do not think in this case the Court has power to enjoin the Commissioner from issuing a patent to another. See Illingworth v. Atha, 42 Fed. 141. If plaintiff should obtain a patent in this suit he may then obtain relief under Sec. 4918 R. S.
Therefore the motion to dismiss is sustained and the rule to show cause is discharged.
As a practical matter it seems to me counsel have had the effect of such an injunction as they ask in the fourth prayer. Plaintiff has had in effect an injunction in this case since April 12, when this suit was filed. And it is quite clear from the argument that the Commissioner of Patents has not changed his mind as to the issuance of the patent to Davidson.
I may add that in my opinion under the decision of Lucke v. Coe, 63 App. D. C. 61, it is doubtful whether this Court has authority to consider in this case the claims set forth in the 8th paragraph of the bill, and those seem to be the claims as to which plaintiff desires interference.