## JOHN W. CARTER

*v*

## JAMES P. MARSHALL.

1. LAW AND FACT—*whether testimony of a deceased witness, on a former trial, is accurately stated.* Where a witness who had testified on a former trial of a case was dead at the time of a subsequent trial, and witnesses who heard his testimony on the former trial gave the substance of it according to the best of their recollection, it was improper for the court to instruct the jury to treat the evidence of such witnesses as the testimony of the deceased witness, and to give it the same weight they would if he was living, and had given the same state of facts in evidence before them. Such an instruction assumes that the witnesses who undertook to state the former testimony gave it accurately, whilst it was the province of the jury to determine that fact.

2. LANDLORD AND TENANT—*tenant can not deny landlord's title.* Where a party in possession of premises accepts a lease, and occupies under it, he is estopped to deny his landlord's title, until the parties are placed in their original positions, and it makes no difference that the tenant may have been in possession as the tenant of a former landlord—he is precluded from denying the title of either.

3. SAME—*when tenant may dispute landlord's title.* The exception to the general rule preventing a tenant from denying his landlord's title is, where he has been induced by artifice, fraud or mistake to accept the lease. In such case, he may show better title in himself, or in any third party under whom he claims. He will be permitted to avoid the lease by proof of such facts as would warrant relief in equity from any other obligation created by deed.

APPEAL from the Circuit Court of Alexander county; the Hon. DAVID J. BAKER, Judge, presiding.

Messrs. GREEN & GILBERT, and Mr. SAMUEL P. WHEELER, for the appellant.

Messrs. LINEGAR & LANSDEN, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

Appellee claims to be the landlord of appellant, and this litigation is induced by an effort, on the part of the alleged tenant, to resist the claim asserted, by showing that he is the

tenant of the Emporium Real Estate and Manufacturing Company. The property in controversy is the Mound City Railroad, its rolling stock and franchises.

Appellee, as trustee for the bondholders, executed a lease on this property to Hiram Boren, who, it is alleged, assigned it to appellant. The principal controversy is, whether the assignment on the lease was made with appellant's consent, or whether he ever accepted it. He had previously been in possession of the road under a verbal lease from the Emporium Company.

The evidence on this material point, viz: the assignment and acceptance of the lease, is flatly contradictory. The original lessee, Boren, has since died. He had given his testimony on a former trial between the parties, on the question of the assignment of the lease to appellant. That testimony was all-important in the present trial. Witnesses who heard it, gave the substance of his testimony according to the best of their recollection.

The court, at the instance of appellee, instructed the jury, that if they " believed, from the evidence, that Hiram Boren is dead, and that he was a witness in this cause at a former trial, then it is proper for the plaintiff to show, by a witness who was present and heard his evidence at such former trial, what that evidence was; and the jury should consider the facts sworn to by such witness as the evidence of Hiram Boren, and give it the same weight that you would if he was living, and had given the same state of facts in evidence before you."

This instruction is fatally erroneous in assuming that the witnesses who undertook to state the former testimony of Boren gave it accurately. That was the province of the jury to determine, and it was error in the court to interfere. If it appeared, clearly, from the testimony, that the Boren lease had been assigned to appellant, and had been accepted by him, we might say the charge had worked appellant no injury. Without intending to intimate any opinion as to the weight of the evidence, we may be permitted to say this instruction may have misled the jury on this all-controlling point in the case. The court, no doubt, intended only to say to the jury, that if

they believed, from the evidence, that the witnesses had given the substance of the testimony of Boren on the former trial accurately, according to the best of their recollection, then it was to be received and considered as other evidence in the case. But the court did vastly more. It charged them that they must "consider the facts sworn to      *      *      as the evidence of Hiram Boren." This it had no right to do.

It is insisted no recovery can be had, in any event, unless it is shown that appellee or Boren had possession at the date of the alleged assignment of the lease, and such possession was transmitted to appellant.

It is an undeniable proposition, that where a party in possession of premises accepts a lease and occupies under it, he is estopped to deny his landlord's title. No dispute as to the title will be tolerated, until the parties are placed in their original positions. The exception to the general rule is, where the tenant has been induced by fraud, artifice or mistake to accept the lease. In such case, he may show better title in himself or in any third party under whom he claims. He will be permitted to avoid the lease by proof of such facts as would warrant relief in equity from any other obligation created by deed. It makes no difference, the party may have been in possession as the tenant of a former landlord—he is precluded from denying the title of either. *Dunbar* v. *Bonesteel*, 3 Scam. 32; *Isaac* v. *Clark*, 2 Gill, (Ma.) 1; *Magee* v. *The Society of U. B.* 20 Penn. 60; *Miller* v. *Ronsodon*, 9 Ala. (N. S.) 317.

The instructions given for appellee on this question, present the law with sufficient accuracy, and may be given again on another trial. Those asked by appellant on the same point were properly refused.

The other errors complained of are of trivial importance, and may be readily corrected without any suggestion from this court.

For the error indicated, the judgment will be reversed and the cause remanded.

*Judgment reversed.*