## STATE EX REL. CARTER, *v.* VOTAW.

[Argued October 3, 1893. Decided October 9, 1893.]

FORCIBLE ENTRY AND UNLAWFUL DETAINER—*Justice of the peace—Jurisdiction.*— A justice of the peace has jurisdiction of an action by a landlord against a tenant holding after default in payment of rent both under the forcible entry and unlawful detainer act (Code of Civil Procedure, § 716 et seq.), and by virtue of section 21, article VIII, of the constitution, clothing such courts with concurrent jurisdiction with the district courts in cases of forcible entry and unlawful detainer.

SAME—*Landlord and tenant—Administrator.*—The rule that a tenant cannot dispute his landlord's title may be invoked by the administrator of a deceased landlord under section 727, Code of Civil Procedure, authorizing the heirs, executors, administrators, assigns, agent, or attorney of the lessor to proceed against the tenant on a breach of the lease the same as the lessor might have done.

SAME—*Pleadings.*—In an action for the possession of leased premises against a tenant holding over after default in rent, judgment may be rendered on the pleadings for the plaintiff when the tenant's answer admits having leased the premises from plaintiff's intestate, and being in default for rent, although he may have denied plaintiff's right of possession.

Original proceeding. Application for writ of *certiorari.* Judgment for respondent.

Statement of the case by the justice delivering the opinion.

This is an application for a writ of *certiorari* against the justice of the peace to review his action in giving judgment on the pleadings in the case of H. J. Simons, administrator of the estate of A. O. Simons, against J. A. Carter, the relator herein. That action in the justice's court sought to obtain, under the provisions of the forcible entry and unlawful detainer act (Code Civ. Proc., § 716 et seq.), possession of a dwelling-house in the city of Helena. The complaint sets forth a cause of action against defendant, as a tenant holding after default in payment of rent and after demand for possession. Answer was filed. Upon complaint and answer the court rendered judgment upon the pleadings in favor of plaintiff, and thereupon a writ of restitution issued. Defendant in the justice's case now on this writ of *certiorari* contends that the justice's judgment is void, as being in excess of jurisdiction, and that the defendant therein has no appeal.

*J. A. Carter,* for Relator.

*Albert I. Loeb,* for Respondent.

DE WITT, J.—Relator contends that a justice's court has not jurisdiction, under the forcible entry and unlawful detainer act (Code Civ. Proc., § 716 et seq.), of an action by a landlord against a tenant holding after default in payment of rent. Const., art. 8., § 21, as to jurisdiction of justices' courts, provides, *inter alia,* that they "shall also have concurrent jurisdiction with the district courts, in cases of forcible entry and unlawful detainer." We are of opinion that this leaves the jurisdiction of these cases in the justice's court as provided in the statute. (Code Civ. Proc., § 716 et seq.)

Relator contends that the rule as to the tenant not disputing

the landlord's title does not apply to such a landlord as the plaintiff in the case under review, who was an administrator of the estate of the deceased landlord who leased to relator. He relies upon *Reay* v. *Cotter*, 29 Cal. 169. But section 727, Code of Civil Procedure, concludes that contention, which section, and section 37 *supra*, leave relator subject to the estoppel of the relation of landlord and tenant.

Relator contends that, in his answer, he denies the allegations by which plaintiff sets forth his right of possession of the real estate in question, and that hence the justice was without jurisdiction to enter, without a trial, the judgment for restitution. Indeed, this allegation in his affidavit moved this court to grant the writ. It is true that the answer does deny plaintiff's right of possession, but such denial, besides being in the nature of a conclusion of law, loses all force in face of the admissions of the answer. It is admitted by the answer that defendant leased the premises from plaintiff's intestate, and that, as such tenant, he is indebted and in default for seven months' rent. He thus concedes himself to be a tenant holding over after default in payment of rent. The judgment on the pleadings was therefore correct.

After an extended and patient hearing, the court asked relator, who appeared in person, what issues there were in the pleadings before the justice, upon which he claimed evidence could have been introduced which would have added any thing to the facts pleaded and conceded. The relator was unable to point out to us any such needed evidence, and our own investigation has discovered none. We are therefore of opinion that upon this review no reason has been shown why we should annul or modify the proceedings of the justice.

The case is therefore remanded to the justice's court at the costs of relator.

*Writ denied.*

HARWOOD, J., concurs. PEMBERTON, C. J., did not sit in the hearing or determination of this case.