Pearce v. Pearce.

83    77
s184s289
83    77
99    ²225

## Thomas Pearce v. Edward Pearce, Adm'r, etc.

1. Estoppel—*By Tenant to Deny that He Owes Rent.*—A tenant who is permitted to cultivate the leased premises for the term is estopped to say that his landlord had no such title to the premises as gave him authority to rent them when sued by the administrator of the landlord's estate for the rent.

2. Rents—*Recovery in an Action of Assumpsit.*—Where a tenant, occupying premises under lease providing for the delivery of one-third of the grain raised as rent, converts to his own use all the crops grown thereon during the term, such rents or their value may be recovered in an action of assumpsit under the common counts.

Assumpsit.—Common counts. Trial in the Circuit Court of Clark County; the Hon. HENRY VAN SELLER, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the November term, 1898. Affirmed. Opinion filed June 3, 1899.

GOLDEN, SCHOLFIELD & BOOTH, attorneys for appellant.

GRAHAM & TIBBS, attorneys for appellee.

MR. PRESIDING JUSTICE BURROUGHS delivered the opinion of the court.

This was an action of assumpsit tried by jury in the Circuit Court of Clark County, in which the appellee, as administrator of the estate of Mahala Pearce, deceased, recovered a verdict and judgment against the appellant for $2,000. The appellant brings the case to this court by appeal and urges us to reverse the judgment on the grounds (1) that the trial judge made improper remarks during the trial of the case; (2) that the court admitted incompetent evidence for the plaintiff; (3) that the court denied defendant's motion to instruct the jury to find for the defendant on the question of rent; (4) that the court gave improper instructions for the plaintiff; and (5) that the verdict is contrary to the law and evidence and the damages assessed excessive. The declaration contained the common counts only, a bill of particulars being furnished on motion, in which the plaintiff claimed that the defendant was indebted to his intestate for rent of farm, from April, 1888, to April 4, 1897, at $270 per year, $2,430; for money borrowed from her at different dates during the same time, $1,445.60; and for money left by his decedent when she died, $500. The pleas were non-assumpsit, five years statute of limitations, tender and former adjudication. Issue was joined on the plea of non-assumpsit, a new promise to pay within five years was the reply to the plea of statute of limitations, and the pleas of tender and former adjudication were traversed.

The evidence disclosed that the father of the appellant and appellee owned a farm of 120 acres of land in Clark county, Illinois, upon which he resided before and at the time of his death, his wife and son Thomas constituting his

Pearce v. Pearce.

family.    He died intestate April 30, 1888, leaving his wife
Mahala, as his widow, and Thomas, Edward and Sarah, his
three children, as his only heirs at law, all of whom were
adults.

His widow and children being desirous of saving the cost
of an administration or other court proceedings, soon after
his death divided among themselves all the personal prop-
erty of his estate, and at the same time agreed that their
mother should take, " as her homestead and dower," the
farm, and have the rents and profits thereof during her life-
time.    The mother and her son Thomas (appellant) then
agreed to continue living on the farm as long as she lived,
he to cultivate it and pay her, as rent, one-third of all the
crops he raised.    They continued to reside there, Thomas
cultivating the farm and appropriating all the crops he
grew, while the mother kept house for him until April 4th,
1897, when she died.

In 1889, Thomas purchased from his brother Edward,
and in 1890, from his sister Sarah, their respective interests
in the farm, taking from them deeds therefor, in each of
which it appears that the conveyance was made " subject to
the widow's homestead and dower interest."    During the
time that Thomas and his mother were occupying the farm
under the arrangement above stated, he never paid her the
promised rent, but borrowed at various times from her
sums of money, the first being $650 in the early part of 1891,
when he wanted to pay his brother Edward $1,000 as a
part payment on a tract of land he purchased from him;
again in the latter part of 1891, he borrowed from her $300
when he was making a payment on eighty acres of land that
he purchased from Mr. Dulaney; later on he borrowed from
her $40 to pay on a wheat drill; and several other times
he borrowed $10 of her at a time.    His mother frequently
asked him to pay her rent as he had promised, or to give
her his note therefor, and also requested him to pay her the
money he had borrowed from her; and at one time told
him " she would make him leave the farm, so she could get
some one that would pay her rent, if he did not;" at such

times he would reply by telling her " he would pay as soon as he finished paying for the land he had purchased, and that she did not need a note as his word was good enough." His promises to pay her were made at various times, one as late as 1896. The one-third of the crops grown on the farm, while Thomas had it under the agreement with his mother, is shown to have been worth from $100 to $270 per year.

Thomas however denies in his testimony that he promised his mother to pay her rent, or that he borrowed any money from her except $10, which he tendered to his brother Edward before this case was heard in the court below, and when he would not receive it, he left it with the clerk of the Circuit Court of Clark County for his use. He admits that he received money from her at various times, but says " it was money he gave her to keep for him, as she kept all his money for him."

After all the evidence was in, the appellant moved the court to instruct the jury to find for the defendant on the question of rent, at the same time presenting an instruction in writing to that effect, and requested the court to mark it " given," which motion and instruction the court refused.

It is urged that this motion should have been allowed and the instruction given for the reasons (quoting from the reasons in support of the motion):

" (1) That dower and homestead were not assigned or set off to Mahala Pearce out of the real estate of which her husband was seized during their marriage; (2) that the rent of said real estate, if any, belonged to the heirs of John Pearce, deceased, and not to the estate of his widow; (3) that the real estate vested in this defendant, subject to the widow's dower and homestead unassigned, and so remained at the time of the death of said Mahala Pearce; and (4) rents, if any, are not recoverable in this action."

We are of the opinion that the appellant is not in a position to make the defense to this action that is suggested by his first three reasons, because the evidence shows that he had leased the farm from his mother in her lifetime, and had promised to pay her, as rent therefor, the one-third of

all the crops he raised thereon from the time of his father's death until her death; and that under this arrangement he had been permitted by her to cultivate the farm for the time he and she had agreed upon, hence he is effectually estopped in this case to say that she had no such title to the farm as gave her authority to rent it to him, when sued by the administrator of her estate for the rent covering the very time he had cultivated it under the agreement. Nor do we think it is true, as urged by the appellant under his fourth reason, that the rent in question, being payable in crops under the agreement, can not be recovered in this action, for there was evidence to the effect that the appellant converted to his own use all the crops grown on the farm during the time in question; and it was also testified to by the witnesses A. J. Betts, Emmet Craig, Edward Pearce and Mike O'Roak, that the third of the crops, converted, was worth from $100 to $270 each year that the appellant had the farm rented from his mother, which is nowhere disputed, so that the court properly denied the motion and refused the instruction.

Counsel for appellant insist that the witnesses Edward Pearce (appellant), Sarah E. Craig and Emmet Craig, her husband, being interested in the result of this suit, were incompetent to testify against him on the rent question, as he is defending as heir.

We think there is no force in this contention, because if the appellant claims the rent sued for as heir of his father, they are competent for the reason it accrued after his father's death. As to the contention of appellant that the verdict is contrary to the evidence and the damages awarded excessive, we will say that after a full and fair consideration of all the testimony in the bill of exceptions, we find there is ample testimony to justify the conclusion reached by the jury that appellant owes for rent and borrowed money together, $2,000.

The instructions complained of do not, in our opinion, contain prejudicial error, nor were the remarks and rulings of the trial judge complained of by the appellant of such a

character as will justify our reversal of the judgment, other-
wise, in our opinion, fully justified by the evidence; but we
do not want to be understood as approving the remarks
made by the trial judge to the defendant when he was tes-
tifying as a witness in his own behalf, for such criticism of
a witness by the judge in the presence of a jury ought not
to be made, and would be sufficient error, in a case close on
the facts, to warrant a reversal of the judgment.

Finding no reversible error in the record, we affirm the
judgment appealed from.    Judgment affirmed.