THOMAS PEARCE

*v.*

EDWARD PEARCE, Admr.

*Opinion filed February 19, 1900.*

1. DOWER—*dower may be assigned by parol agreement.* The right to dower being created by law, and not by the mere ascertainment and assignment thereof, the portion of the premises to be assigned to the dowress may be determined by parol agreement.

2. HOMESTEAD—*homestead estate may be assigned by parol.* Homestead may be assigned by parol agreement, since the assignment does not create the right to the estate but merely determines the limits or boundaries thereof.

3. SAME—*homestead may embrace the entire tract of land.* Since the estate of homestead is measured by the value of the land such estate may embrace an entire tract of land, though it may be made up of different adjoining subdivisions.

4. STATUTE OF FRAUDS—*assignment of dower and homestead creates no interest in land.* Where all parties are competent to contract, dower and homestead may be assigned by parol and without proceedings in court; and the parol assignment of an entire farm for dower and homestead creates no interest in land, but merely establishes the limits of the estate created by law.

5. SAME—*Statute of Frauds does not apply to executed contracts.* The Statute of Frauds may be invoked to avoid executory contracts, but not contracts which have been carried into execution.

*Pearce* v. *Pearce*, 83 Ill. App. 77, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Clark county; the Hon. H. VANSELLAR, Judge, presiding.

GOLDEN, SCHOLFIELD & BOOTH, for appellant.

J. W. GRAHAM, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

Appellee, as the administrator of the estate of Mahala Pearce, deceased, recovered judgment in the sum of $2000 in the circuit court of Clark county against the appellant, in an action of assumpsit. This is an appeal from

the judgment of the Appellate Court for the Third District affirming that of the circuit court.

The declaration was in the common counts, to which was appended a bill of particulars setting forth, as items of indebtedness, the amount alleged to be due for rent of a farm from April, 1888, to April 4, 1897, $2430, and different sums of money alleged to have been borrowed by the defendant from the administrator's intestate at different times, amounting in the aggregate to $1445.60, and money of deceased in her possession at the time of her death, and alleged to have been retained by the defendant, in the sum of $500. The defendant filed the plea of the general issue, and also special pleas of tender, Statute of Limitations and of former recovery.

The errors assigned, cognizable in this court, are, that the trial judge, in the presence of the jury, indulged in improper remarks to the prejudice of the appellant, erred in overruling appellant's motion, offered at the close of all the testimony, to exclude all evidence relating to the item of indebtedness for rents and to instruct the jury to return a verdict for the defendant as to that item, and that the court erred in giving instructions numbered 1, 2 and 3 given in behalf of the appellee administrator.

The Appellate Court properly characterized the remarks of the trial judge as justly subject to serious criticism but not prejudicial to the cause of the appellant, and, we may add, it was rather the dignity of the court which was prejudiced by the remarks.

The facts necessary to be stated in passing upon the other assigned errors are, that one John Pearce died intestate April 30, 1888, leaving him surviving Mahala Pearce, his widow, Edward Pearce, the appellee, Sarah E. Craig and Thomas Pearce, the appellant, his only children and heirs-at-law. He died seized of a farm of one hundred and twenty acres of land, on which he had resided continuously for many years. At the time of his death all his children were of full age, and two of them, Edward

Pearce and Sarah E. Craig, had been married for some time and were living with their families away from the old home place, engaged in business for themselves. Thomas Pearce, the appellant, at the time of his father's death was about thirty-six years of age and had always made his home with his parents until they both died, remaining unmarried the whole time. There was no administration of the estate of John Pearce. Mahala Pearce survived her husband about nine years, departing this life April 4, 1897. She continuously remained on the home place until the time of her death, and her son Thomas, the appellant, resided with her. Her son Edward, the appellee, was appointed administrator of her estate.

The evidence tended to prove, and the theory upon which the judgment was rendered and the same affirmed by the Appellate Court is sufficient to establish, that after the death of the said John Pearce, Mahala, his widow, Edward, the appellee, and Thomas, the appellant, his sons, and Mrs. Craig, his daughter, being desirous of saving the cost of an administration or other court proceedings, soon after his death divided among themselves all the personal property of his estate, and at the same time agreed that their mother should take, "as her homestead and dower," the farm, and have the rents and profits thereof during her lifetime; that the mother and her son Thomas (appellant) then agreed to continue living on the farm as long as she lived, he to cultivate it and pay her as rent one-third of all the crops he raised; that they continued to reside there, Thomas cultivating the farm while the mother kept house for him, until April 4, 1897, when she died; that appellant did not pay any rent to his mother, or at least not all that was due, and that he borrowed at different times various sums of money from her, amounting in the aggregate to $1000; that he frequently verbally promised his mother to pay the amount due from him for rents and to repay the borrowed money, the last of such promises having been made in 1896.

As to the item of rents, the court, in the instructions complained of, advised the jury, in substance, that it is the duty of the heirs, under the law, to assign to the widow her homestead and dower in the lands owned by her deceased husband at the time of his death; that homestead and dower may be assigned and allotted by an oral agreement between all the parties interested; and in this case, if the jury believe, from a preponderance of the evidence, that shortly after the death of the husband of Mahala Pearce, the said Mahala Pearce and the children of her deceased husband, by an agreement, set off and assigned to the said Mahala Pearce the premises in dispute for her homestead and dower or in lieu thereof, and the defendant, with full knowledge that said premises had been set off as homestead and dower or in lieu thereof, and that Mahala Pearce was to hold said premises as long as she lived, agreed, in case she would permit him to farm the same, that he would pay her rent therefor, and under said agreement defendant had lived upon the farm with his mother and cultivated the farm under such agreement to pay rent to her, he was liable to account to her for the rent according to the contract between them.

Appellant concedes that dower may be assigned by a parol agreement allotting to the widow a distinct portion of the premises, but his contention is that dower can never be equal to the entire premises of which a widow is dowable, and that a parol agreement to assign to a widow the use for her life of the entire premises in which she is dowable is not the ascertainment of a distinct portion of the premises to which dower is to attach, but, if effectual, is a transfer or conveyance, by parol, to the widow of a life estate in real property, and, being by parol, is void under the operation of the Statute of Frauds.

The right to dower is created by law. The particular portion of the premises to be enjoyed by the widow is ascertained by the assignment. As the assignment does not create or transfer any interest in land it may be

made without writing,—by verbal agreement made and entered into between the owner of the fee and the dowress. (*Schnebly* v. *Schnebly*, 26 Ill. 116; *Lenfers* v. *Henke*, 73 id. 405; 5 Am. & Eng. Ency. of Law, 924, 925; 1 Washburn on Real Prop. 256.) The statute also created an estate of homestead in the widow in the farm. That estate is measured and defined by value alone. It may extend to and embrace the entire body of land to which it attaches. Although the farm here involved consisted of different governmental subdivisions, physically it was but a single body of land. The assignment of dower involved consideration of the rental value of the land; the assignment of the homestead estate involved the market or salable value of the land. We have seen dower may be assigned by parol agreement, the right not being thereby created. The assignment of the homestead estate does not create the right to that estate, but only determines the limits or boundaries thereof. On reason and principle that estate may also be assigned by parol. When, as here, all parties in interest are competent to contract, dower and homestead, as between them, may be assigned without proceedings in court and by parol agreement. As the latter estate may include the entire farm, the assignment of the entire body as and for the dower and homestead of the widow did not invest the widow with any estate or right in land, but only admeasured and established the limits of the estate the law had conferred upon her. Moreover, the Statute of Frauds could not avail, even in a case where the entire body of the land to which dower attaches has been assigned by parol agreement, if, as in this case, the parol contract has been fully executed. Here the widow retained the possession of the entire farm during her lifetime. The appellant, in accordance with the contract, recognized her as his landlord and participated in carrying the contract to fulfillment, save that he made default in the payment of the rents. The Statute of Frauds may be invoked

to avoid executory contracts, but not contracts that have been carried into execution. (*Swanzey* v. *Moore,* 22 Ill. 63.) In *Wheeler* v. *Frankenthal,* 78 Ill. 124, in the discussion as to the application of the Statute of Frauds to a parol lease of lands for a term exceeding one year, we said: "If the parties themselves treat it as obligatory until it is executed, the objection that it was not in writing can not be urged."

The court did not err in denying the motion to direct a verdict or in giving instructions to the jury.

The judgment is affirmed.          *Judgment affirmed.*