# CASES

# APPELLATE COURT OF ILLINOIS

## THIRD DISTRICT—MAY TERM, 1901.

## Oscar A. Graham v. Russell LeSourd.

1. DOWER—*Assignment of, May Be by Parol.*—In 1891, the heirs of a deceased father conveyed their interest in the land of which he died seized to a son of their mother by a former marriage, and the mother at the same time made an oral agreement with the son that he should take possession of the land (excepting the dwelling house upon it), cultivate the same, and so long as she lived should give her as rent for her homestead estate and dower interest therein, one-third of the crops raised upon it. *It was held* that the oral agreement with the widow was equivalent to a parol assignment of her homestead and dower rights in the land.

2. RENTS—*When a Quitclaim Deed by a Lessor Operates as an Assignment.*—A son made an oral agreement with his widowed mother should take possession of the land in which she had a homestead estate and dower interest, and pay her as rent for it, one-third of the crops grown thereon as long as she lived. Subsequently she sold, and by a quitclaim deed conveyed her interest in the land to a third person. *It was held* that the quitclaim deed operated as a legal assignment of the rents, and the grantee therein could properly maintain an action of assumpsit for their recovery, the same as the mother might have done had the conveyance not been made.

Assumpsit, for rents. Appeal from the Circuit Court of Mason County; the Hon. THOMAS N. MEHAN, Judge, presiding. Heard in this court at the May term, 1901. Affirmed. Opinion filed September 11, 1901. Rehearing denied November 20, 1901.

JOHN W. PITMAN, attorney for appellant.

(223)

LYMAN LACEY, SR., & SON, and NORTRUP & WILLIAMS, attorneys for appellee.

MR. PRESIDING JUSTICE BURROUGHS delivered the opinion of the court.

This was an action of assumpsit brought by appellee against appellant in the Circuit Court of Mason County to recover rent owing by the latter, under an agreement made by him with his mother, appellee claiming same as assignee of the mother. Appellant entered a general denial and the case was tried by jury and resulted in a verdict and judgment in favor of appellee for $140.

Appellant prosecutes this appeal, and urges this court to reverse the judgment upon the alleged grounds that the evidence does not support the verdict, and that the court gave improper instructions at the instance of appellee.

It appears that the land in question was owned and possessed by one Henry R. Marshall, before and at the time he died, intestate, in the year 1873, and that before, and when he died, he and his wife, Edith Marshall, and his four children, resided upon it, and that she and the children continued to reside upon it until 1898. In 1891, appellant, Oscar A. Graham, the son of the widow by a former husband, bought the interest of the four children in the land, and at the same time made an oral agreement with the mother that he should take possession thereof (excepting the dwelling upon it) cultivate same, and so long as she lived, for her homestead estate and dower interest therein, would pay her one-third of the crops grown upon it; and he did take possession and continued to cultivate the land and pay her the rent, according to the agreement, until the year 1898, when, in consideration of $500 paid to her by him, by quitclaim deed, she sold and conveyed her interest in the land to appellee, Russell LeSourd.

In 1899, appellee demanded the rent of the land from appellant in accordance with the agreement between the latter and his mother, but he refused to pay same, and this suit to collect it followed.

The contention of appellant is that the homestead estate and dower interest of his mother had not been assigned, and for that reason the deed of his mother for the land to appellee, conveyed nothing. But in that we are unable to concur; for the effect of the agreement by appellant with his mother, was equivalent to a parol assignment of her homestead and dower rights in the land in rents to be paid her as long as she lived. (Pearce v. Pearce, 184 Ill. 289.) And the rents were assigned or conveyed by the deed to appellee, and therefore, as her assignee or grantee, he could properly maintain this action and recover the rents the same as the mother; and assumpsit is an appropriate action therefor. (Pearce v. Pearce, *supra*, and same case in 83 Ill. App. 77.)

We have carefully examined appellee's given instructions and fail to find that they contain anything calculated to prejudice appellant. Appellee moved to dismiss the appeal in this case, upon the alleged ground that this court is without jurisdiction to hear and determine same, for the reason that a freehold is involved. But we are unable to discover wherein a freehold will be gained or lost by the result of this case, so we will overrule the motion.

Finding no reversible error has intervened, either in the proceedings or judgment of the trial court in this case, the latter will be affirmed.