Harry C. Whitehill et al., Defendants in Error, v. Arthur J. Cooke, Plaintiff in Error.

Gen. No. 13,693.

1. FORCIBLE ENTRY AND DETAINER—*scope of remedy by*. Like all purely statutory remedies, the action of forcible entry and detainer must be strictly limited to the cases provided for by the statute creating it.

2. FORCIBLE ENTRY AND DETAINER—*when does not lie*. This action does not lie in favor of those who have never had actual possession, as in this case. It does not lie in favor of the heirs at law of a deceased owner who have never had actual possession. A constructive possession is not a possession which may be "restored" by this action.

Forcible entry and detainer. Error to the Municipal Court of Chicago; the Hon. MANCHA BRUGGEMEYER, Judge, presiding. Heard in this court at the October term, 1907. Reversed. Opinion filed April 6, 1908.

COLSON & JOHNSON, for plaintiff in error.

ELMER D. BROTHERS and CHARLES M. THOMSON, for defendants in error.

MR. JUSTICE BROWN delivered the opinion of the court.

A writ of error to the Municipal Court of Chicago was sued out of this court in this case, and was made by the court a *supersedeas.*

The judgment of the Municipal Court, the reversal of which is asked, was one in forcible detainer, and gave to the defendants in error, who were plaintiffs

in the Municipal Court, their costs and possession of certain premises in Chicago, describing them by their tract description and as "Number 3789 Sheridan Road."

The material facts are these: One Jennie C. Coyne, a widow, before her death, the date of which is not shown in the record but is stated in the briefs to be March 2, 1906, was in possession of the before described premises and resided there. It is assumed by both parties to this litigation and stated as a fact in the briefs that she was the owner in fee simple of them. The propositions of law held by the court, as well as the propositions refused, are based also on that assumption. There is not, however, anything in the record which supports it, except the fact that Mrs. Coyne had long made her home at the house in question and controlled it. It will, however, for the purposes of our consideration of this writ of error, be considered as admitted.

At the time of the death of Mrs. Coyne one Mrs. Mrs. Meleta Coyne Coolidge, who was apparently an adopted daughter of Mrs. Coyne, and had been treated by her as a natural daughter, was living with her. She had left the city temporarily or otherwise before this suit began.

For twenty years before Mrs. Coyne's death and at the time of her death there was a boarder in the house named Arthur J. Cooke, who is the plaintiff in error here. He continued to live there after Mrs. Coyne's death and after the departure of Mrs. Coolidge, in what capacity or with what claim is not in our view material. There was at the trial a suggestion of a dispute concerning the actual relation of Mrs. Coolidge to Mrs. Coyne, upon which, notwithstanding our statement above as to what is apparently shown by the record, we must not be understood as passing.

Our decision rests on the relation of the plaintiffs to the property in question. They claim the possession solely as the heirs at law and next of kin of Mrs.

Coyne, on the ground that the title devolved upon them at her death, another assumption or implied admission in the cause being that she died intestate.

The court held as a proposition of law the following: "That a suit for forcible detainer cannot be maintained by the heirs at law of a deceased owner of certain real property against one who has been in actual possession of said premises since the death of said deceased owner, *claiming to be the owner thereof,* when such heirs at law of such deceased owner have never been in actual possession of said premises;" but refused to hold that "Under the evidence in this case the plaintiffs could not maintain this suit," and gave judgment for the plaintiffs.

The case was thus made by the trial judge to turn on the character in which the defendant was holding possession. We do not think this was a necessary or a proper test, or that it was necessary that a question of title should be thus raised to render the forcible entry and detainer or forcible detainer proceeding inapplicable and ineffective in the situation presented here.

The action of "forcible entry and detainer" or "forcible detainer" is a purely statutory remedy, given by the legislature in certain cases and to certain persons "to restore" such persons to a wrongfully withheld possession of real estate through a process more summary and speedy than the common law action of ejectment. Like all purely statutory remedies, it must be strictly limited to the cases provided for by the statute creating it.

The proposition contended for by the counsel for defendants in error in their brief, that although the statute creating the action of forcible detainer does not specifically cover a case like the present, the court should extend its operation by analogy and implication to such a case, seems to us unsound.

Sutherland on Statutory Construction, sections 392 and 393, states the correct rule, fortifying it with many citations of decided cases.

"A statutory remedy or proceeding is confined to the very case provided for, and extends to no other. It cannot be enlarged by construction nor be made available or valid except on the statutory conditions, that is, by strictly following the directions of the Act. A party seeking the benefit of such a statute must bring himself strictly not only within the spirit but its letter; he can take nothing by intendment."

It is admitted that the defendants in error in the present case (the plaintiffs below) never at any time had actual possession of the premises to which possession they could be "restored."

In Thompson v. Sornberger, 59 Ill. 326, speaking of the remedy by action of forcible entry and detainer, the Supreme Court said: "In the many and various discussions which this subject has undergone in this court, it has always been held that the plaintiff must show that he had actual possession of the premises upon which the forcible entry is alleged to have been made; *that a mere constructive possession, such as the fee simple title to the land entered upon draws to it, is not sufficient.*"

It is true that this case was decided in 1871, and the present forcible entry and detainer act was substituted in 1874 for the one before in force. But the present act is susceptible of no wider construction in this regard than the former one. There is no change which affects the questions here involved, and since the passage of the revising act of 1874 (chapter 57 of the Revised Statutes), the case of Thompson v. Sornberger has been cited by the Supreme Court as authority for the same proposition (Chicago & St. Louis R. R. Co. v. Wiggins Ferry Co., 82 Ill. 230, 232), and by the Appellate Court of this district and of the Fourth District respectively in R. Co. v. Cheevers, 44 Ill. App. 119, and Rockhold v. Doering, 122 Ill. App. 194.

The defendants in error urge that because the forcible detainer act has been construed to allow, by the

fourth clause of its second section, the action to the assignees or to the heirs of the lessor in the case of a tenant holding over, therefore it must by analogy be construed to allow it in this case to the heirs of the deceased owner. But they cite the express statute (section 14 of the Landlord and Tenant Act) which explicitly gives to such assignees and heirs as against tenants under a lease the same remedies by entry, action, or otherwise, as the grantor or lessor might have had if he had not conveyed or died.

Our Supreme Court does not construe the statute according to the contention of the defendants in error in cases like the present. Thompson v. Sornberger, *supra;* Thomasson v. Wilson, 146 Ill. 384.

It is only a *"possessio pedis"* which has been interfered with, which may be "restored" by this summary statutory proceeding under the first and second clauses of section 2 of the act.

The judgment of the Municipal Court must be reversed and the defendants in error relegated to their common law rights and remedies.

*Reversed.*