### John B. Jinkinson, Appellee, v. Albert Owens, Appellant.

1. LANDLORD AND TENANT—*when tenant estopped to deny title of widow of his deceased landlord.* When a tenant recognizes the widow of his deceased landlord, to whom a life estate is given, as his landlord and attorns by the payment of rent, he is estopped from denying her title.

2. LANDLORD AND TENANT—*notice to quit.* Where a tenancy from year to year ends in March a notice to quit served the preceding December is sufficient notice.

3. APPEALS AND ERRORS—*presumption that court rejected incompetent evidence.* Where a case is tried by a court without a jury, if there is sufficient competent evidence to sustain the findings it is presumed that the court rejected all incompetent evidence.

4. LANDLORD AND TENANT—*when relation exists.* The relation of landlord and tenant exists between a tenant and the widow of his deceased landlord who owns the life estate in the premises where such tenant recognizes her as his landlord and pays rent to her.

5. FORCIBLE DETAINER—*who may maintain.* Though neither the owner of a life estate in certain premises nor a sublessee under her have ever had actual possession, the sublessee has a right to demand and receive possession from a tenant from year to year who has been in continuous possession since the death of the owner of the fee and such sublessee may maintain forcible detainer to obtain possession.

Appeal from the Circuit Court of Madison county; the Hon. WILLIAM E. HADLEY, Judge, presiding. Heard in this court at the October term, 1912. Affirmed. Opinion filed April 23, 1913.

WARNOCK, WILLIAMSON & BURROUGHS, for appellant.

SPRINGER & BUCKLEY, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

This is an action of forcible detainer, brought by appellee, against appellant, to obtain possession of so much of the Wiley G. Preuitt farm, as was included in the pasture and so much thereof as was planted in corn, in the year 1911.

The evidence shows that the Wiley G. Preuitt farm contains approximately one hundred acres; that the land herein sued for is described as containing approximately sixty-four acres; that the appellant Albert Owens, by oral agreement, rented the land in question from Wiley G. Preuitt in the fall of 1903, for the term of one year; that the possession of the wheat land was given that fall, and the corn and pasture land the following spring; that since that agreement the appellant has held as tenant from year to year.

The evidence further shows that since the death of Mr. Preuitt, in 1908, the appellant has recognized and attorned to Mrs. Preuitt, wife of the deceased, as his landlord; that on the 14th day of August, 1911, Mrs. Preuitt owner of the life estate, made a written lease to Ida May Pritchett, her daughter, to have and hold said premises as follows: "All wheat and oats land from the 1st day of August, 1912, to the 1st day of August, 1917: and all the rest and residue of said premises from the first day of March, 1912, to the first day of March, 1918," and that the premises or any portion thereof might be sublet.

The evidence further shows that on the 21st day of August, 1911, Mrs. Pritchett sublet the premises to

appellee John B. Jinkinson; that before the premises were leased to appellee, Mr. Pritchett, husband of Ida May Pritchett, verbally notified appellant, "not to make arrangements in regard to the tenancy, beyond that crop he was putting in, he was then plowing for wheat," and that on the day the premises were leased to appellee, appellant was notified that the premises had been leased, to which he did not reply.

On the 11th day of December, 1911, written notice to quit and deliver up possession of above mentioned premises was served upon appellant, by Martha H. Preuitt and Ida May Pritchett; that on the 9th day of March, 1912, written demand for possession was served by above named parties upon appellant; that on the 30th day of March, 1912, written demand for immediate possession was served upon appellant by appellee, John B. Jinkinson. That the appellant declined to comply with either the notice or demands aforesaid and failed to deliver up possession of the corn and pasture lands, and suit was instituted in the justice court, to recover possession of the said premises in controversy, resulting in judgment for plaintiff, from which finding an appeal was taken to the Circuit Court, where the cause was tried before the court without a jury, and the court gave judgment in favor of the plaintiff, the defendant thereupon perfected his appeal to this court.

The appellant contends that the sublessee of the heirs of a deceased owner, neither of whom have been in actual possession of the premises in controversy, cannot maintain an action of forcible detainer for the recovery of possession of such premises, against the tenant who has been in continuous possession since the death of the owner. Under section 2 of the Forcible Entry and Detainer Act (chapter 57, Hurd's Revised Statutes of Illinois, 1911), provides: "The person entitled to the possession of lands or tenements

may be restored thereto in the manner hereinafter provided." The appellant contends that the party who can maintain an action of forcible detainer is one who is "entitled to the possession," of the premises, and to whom such possession may be "restored," and cite cases where the courts have held the statute should be strictly construed, claiming the word "restored," means to reinstate again, one who has had actual possession, which is being unlawfully withheld by the party sought to be dispossessed. And that a constructive possession is not a possession which may be "restored" by this action to which they cite *Whitehill v. Cooke,* 140 Ill. App. 520.

In *Whitehill v. Cooke, supra,* the facts are not similar to the case at bar. Cooke was in possession at the death of the owner but not as tenant and the suit was brought against him by the heirs of the former owner.

In the case at bar the appellant had recognized Martha H. Preuitt as his landlord and attorned to her by the payments of rent. The appellant is therefore estopped from denying her title, and when the premises were leased to Ida May Pritchett, and sublet to appellee, the appellant is estopped from denying the appellee's right to possession, since he had all the rights of possession that landlord had. *Carter v. Marshall,* 72 Ill. 609.

"Where certain premises were leased by the owner to a tenant, and the tenant was unable to obtain possession on account of a former tenant holding over after his term expired, it was held that the right of possession was alone in the lessee, and he must bring the action." *Gazzolo v. Chambers,* 73 Ill. 75; *Walsh & Co. v. Taylor,* 142 Ill. App. 46.

The contention of the appellant that the original lease began with the putting in of the wheat in the fall and therefore the notice to deliver up possession served on appellant in December was not legal notice is not sustained by the evidence.

Appellant testified that the original landlord Mr. Preuitt wanted him to take his farm, except the house, a little cemetery and pasture for the following year, that the possession of the wheat land for the fall wheat would be given the 1st of August and the corn and pasture land the first of March. We quote the following from his testimony: "Q. Mr. Owens, in the neighborhood of this property when tenants rent land for a term or from year to year what is the custom with reference to when the lease begins. Court. Taking the farm as a whole. A. Taking the farm as a whole all together? Q. No what is the custom with reference to when possession of the land is first taken or when the year begins? A. When the year begins? Q. Yes. A. I think it should be March when the year begins on the whole farm—would be March, first go to work and put wheat in on the farm that's the first thing you do when you rent a farm, you are never supposed to get possession until spring to the rest of the farm and a farmer always sows wheat first and wouldn't sow wheat if he wasn't expected to get the corn land in the spring, that's the way we always rent in the neighborhood I live for twenty years and never rent any other way."

Taking the appellant's own construction of the tenancy the lease began and ended in March. Under the evidence we hold that the notice to deliver up possession served upon appellant in December was a sufficient notice.

It is contended that the court erred in the admission of incompetent evidence. The case however was tried by the court without a jury and in such case if there is competent evidence to sustain the findings it will be presumed the court rejected all incompetent evidence. *Ranson v. Ranson,* 115 Ill. App. 1; *Merchants' Desp. Transp. Co. v. Joesting,* 89 Ill. 152.

We hold that the relation of landlord and tenant existed between Mrs. Preuitt and appellant. That the lease from Mrs. Preuitt to Ida May Pritchett and the

sublease from Ida May Pritchett, to appellee, gave appellee the right to demand and receive possession of the premises and possession was refused him, he could maintain forcible detainer to obtain possession.

Finding no reversible error in the record, the judgment of the lower court is affirmed.

*Affirmed.*