## CHURCH v. BLAKESLEY
(No. 1496; Jan. 17, 1929; 273 Pac. 541)

*G. J. Christie,* of Lander, for appellant.

*V. H. Stone* and *H. S. Harnesberger,* for respondent.

BLUME, Chief Justice.

This is an action in forcible entry and detainer which was commenced in Justice Court in Fremont County, Wyoming, on December 7, 1926. The justice, however, before whom the action was commenced, removed from the county or ceased to act as such, and the action was continued before his successor. The record of the justice of the peace before whom the action was tried shows that the parties came before him on February 14, 1927; that the plaintiff filed a petition, the defendant an answer, and plaintiff a reply on February 19, 1927; that the trial of the case then proceeded and that during the course thereof or at the end thereof the defendant filed a demurrer, which was overruled. Later, according to the record of the justice of the peace, the defendant amended his answer; this amendment, however, is immaterial herein. In the record before us we find two petitions, one filed February 14, 1927, and one marked filed February 17, 1927. They do not differ from each other materially. The answer, while apparently executed December 6, 1926, is marked filed as of February 17, 1927. The justice of the peace found in favor of the defendant and the plaintiff appealed the case to the District Court of Fremont County, Wyoming. Upon the appeal being filed in that court, and on June 8, 1927, the defendant, through his attorney, filed a motion to dismiss the action because of the failure of the petition to state facts sufficient to constitute a cause of action, because it was apparent from the proceedings that the court had no jurisdiction in the case, and because the case was not an action for forcible entry and detainer under the statute. No ruling apparently was made upon this motion and the cause proceeded to trial in the

District Court on June 8, 1927. Before any evidence was introduced counsel for the defendant objected to the introduction of any evidence in the case for substantially the same reasons as mentioned in his motion to dismiss. The objection was overruled and the cause proceeded to trial, which resulted in a judgment in favor of the plaintiff, from which judgment an appeal has been taken to this court.

The only question argued here is that the petition is not sufficient under the statute to state a cause of action in forcible entry and detainer. Leaving out the prayer and informal portions, the petition is as follows:

"That on the 30th day of November, 1925, the said plaintiff, Elmer Church, leased in writing to one Otis Fish, the following described premises, to-wit:

"The East One Half of Lot Numbered 7, and the West Three Feet of Lot Numbered 6, in Block 22, in the original Town of Lander, Fremont County, Wyoming, on which is located a brick two story building known as the Grand Theater.

"That said lease by its terms expired on the 1st day of December, 1926.

"Plaintiff further alleges that on February 2nd, 1926, said lease from the said Elmer Church to the said Fish was assigned by the said Fish to George L. Blakesley, the defendant herein, said assignment being as follows:

" 'Lander, Wyoming, February 2nd, 1926. It is hereby mutually agreed, that George L. Blakesley, is hereby substituted for Otis P. Fish as lessee, in the within lease, subject to all the terms and conditions contained in said lease.

Elmer Church<br/>Otis P. Fish.'

"Plaintiff alleges and says that he is seized in fee simple of the above described property in the Town of Lander, in the County of Fremont, and State of Wyoming; that said lease and the assignment thereof, expired on the 1st day of December, 1926, which period has since elapsed and determined; that this plaintiff is entitled to the possession of said premises and yet the said defendant unlawfully and forceably detains possession of said premises and unlawfully and forcibly holds over his term; that on the 2nd day of December, 1926, the plaintiff served upon the defendant a notice in writing to leave said premises, and to

vacate the same and to turn over the possession of same to this plaintiff, which defendant has wholly failed, neglected and refused to do.''

The answer filed by the defendant sets up an affirmative defense substantially to the effect that plaintiff agreed to execute a new lease of the premises and that plaintiff had failed to do so, but that by reason of said agreement defendant was entitled to remain in possession of the premises. It further admits the execution of the lease to Elmer Church; admits the allegations of ''paragraph 2,'' which evidently is an admission as to the assignment of the lease, and then proceeds to admit ''that the plaintiff is the record owner of the property herein described, but denies that the plaintiff is entitled to the possession of said property, denies that the defendant unlawfully and forcibly detains possession of the same premises, and denies that the defendant unlawfully and forcibly holds over his term.'' The objections raised to the petition are, as stated by counsel for the defendant in his brief, as follows:

''There is no direct allegation in the case that defendant occupied the property. There is no allegation that he occupied it under the lease mentioned. There is no allegation that he occupied it under the alleged assignment, and there is no sufficient allegation of assignment.''

Counsel for appellant cites, in support of his contentions, the cases of Jenkins v. Jeffrey, 3 Wyo. 669, 29 Pac. 186, and White v. Veitch, 27 Wyo. 403, 197 Pac. 983. The facts in these cases, however, were materially different from the facts in the case at bar and these cases are not controlling herein. The first point argued is that there is no sufficient pleading showing an assignment of the lease from Church to defendant, appellant herein; that while there is a direct allegation to that effect, the assignment itself is set out in the petition and that it, accordingly, controls the general allegation as to an assignment, according to the holding of City Sanitation Co. v. City of Casper, 28 Wyo. 452, 206 Pac. 149;

where this court held that on demurrer, allegations of the effect of a contract are not controlling where the contract is set out in the pleading. We do not, however, think that the allegation that the lease was assigned to the defendant is at all inconsistent with the contract of assignment set out in the pleading. That contract specifically states that the defendant is substituted as lessee in the lease in question. It is difficult to see how anyone can be a substituted lessee without as a matter of fact being the assignee of the lease, or substantially that. There is no direct allegation that the assignment, or the substitution as lessee, was accepted by the defendant. We need not decide as to whether the allegation of assignment, or substitution, would imply acceptance. If the defendant actually accepted the assignment by entering into possession of the premises pursuant thereto, that would clearly be sufficient. And we think that it sufficently appears in the petition, as will be shown further, that in fact the defendant accepted the assignment and entered into the possession of the premises pursuant thereto.

Sections 6621 and 6622, Wyo. C. S. 1920, are the sections of the statute which provide for actions in forcible entry and detainer. The first section, namely 6621, provides for two classes of cases in which an action of this kind may be brought; first, where an unlawful and forcible entry is made, and second, where a lawful and peaceable entry has been made but where the premises are subsequently unlawfully or forcibly held. White v. Veitch, supra. Section 6622 provides a number of cases in which actions of this character may be brought, among which is an action against a tenant holding over his term. Counsel proceed upon the theory that the actions provided for in Section 6622 are necessarily controlled by the provisions of Section 6621. This point has not heretofore been discussed by the court, although the existence of a difference in these two different sections of the statute was assumed in White v. Veitch, supra. Section 6625, Wyo. C. S. 1920, provides

that the plaintiff must file a complaint in an action of forcible entry and detainer in which the property, the possession of which is claimed, shall be described, and which shall show the facts upon which the plaintiff relies in order to recover the premises. It would accordingly seem, though we need not decide the point, that if it sufficiently appears from the facts alleged in a petition in which the premises are properly described that the defendant is an assignee holding over his term, that would be sufficient. The petition herein, while not at all to be commended, must be liberally construed, and if the necessary facts may be gathered from the allegations actually made, it is good against a demurrer made so late as in the case at bar. Lander State Bank v. Nottingham, 37 Wyo. 50, 259 Pac. 181. We are inclined to believe that it sufficiently appears from the petition in this case that the defendant was an assignee holding over his term. In Lecatt v. Stewart, 2 Stew. (Ala.) 474, it was held that in an action for forcible detainer—as is the case at bar—it is not necessary to allege in the complaint that the defendant "entered" the premises. See 26 C. J. 850. But we may assume that it was necessary, as claimed by counsel for the appellant, that it should appear from the petition that the defendant entered and occupied the property and did so under the lease and the assignment thereof in question. We think that that may be implied from the allegations. The petition shows that the lease and the assignment above mentioned expired on December 21, 1926; that notice to vacate the premises was served upon the defendant after such expiration; and that the defendant unlawfully and forcibly detains possession of the said premises and unlawfully and forcibly holds over his term. The fact of the detention of the possession of the premises would seem to imply that the defendant was in possession thereof, and the fact that he held over his term would seem necessarily to imply, in connection with the other allegations in the petition, that he held over under the lease and the assignment above men-

tioned. Further than that, the defect, if any, contained in the petition, may be cured by the allegations in the answer. Sowers v. King, 32 Wyo. 167, 175, 238 Pac. 540; Id. (Wyo.) 231 Pac. 411. The answer in this case denies, as above mentioned, that "the defendant unlawfully and forcibly detains possession of said premises, and denies that the defendant unlawfully and forcibly holds over his term." These denials merely deny the unlawfulness and forcibleness of the detention of the possession, and the unlawfulness and forcibleness of holding over the term. The allegations clearly contain a negative pregnant and clearly admit the possession by the defendant, the detention of the possession of the premises by him, and the fact that he holds over his term. 26 C. J. 855; Leroux v. Murdock, 51 Cal. 544; Brown v. Martin, 23 Cal. App. 736, 139 Pac. 823; Blodgett v. Scott, 11 Cal. App. 310, 104 Pac. 842. Construing the pleadings together, the "term" mentioned could not well be any other than that specified in the petition, namely, under the lease in question and the so-called assignment thereof to the defendant.

From what we have said it appears that the objections raised to the petition must be overruled and that the judgment rendered herein should be affirmed. It is so ordered.

*Affirmed.*

KIMBALL and RINER, JJ., concur.