## HITSHEW, ET AL. v. ROSSON
(No. 1617; May 6, 1930; 287 Pac. 316)

510

For the defendant and appellant there was a brief by *Edwin L. Brown,* of Lusk, Wyoming.

For the plaintiffs and respondents, there was a brief by *Harold I. Bacheller,* of Casper, Wyoming.

RINER, Justice.

Plaintiffs and respondents, under the forcible entry and detainer provisions of the justice code of this state, brought an action against the defendant and appellant to obtain possession of certain premises situated in the town of Lusk, Wyoming. The justice of the peace rendered a judgment in favor of the plaintiffs and the defendant thereupon appealed the case to the District Court of Niobrara County, where the cause was retried and judgment again entered for plaintiffs. From that judgment this appeal has been prosecuted.

Briefly summarized, plaintiffs' petition described the property, the possession of which was claimed and which was asserted to be owned by plaintiffs, and then set out the facts relied upon to recover the premises, viz: That the plaintiff, individually and during the lifetime of U. G.

Hitshew, about the year 1922, by written agreement, leased said premises to defendant for a stipulated rental and for a term of two years; that defendant occupied said premises and paid the required rental thereafter; that the term of the written lease has expired and that plaintiffs have not entered into any other lease either written or oral with defendant since the expiration of the written contract of demise above mentioned; that sundry notices to quit were served upon defendant by plaintiffs, one of them being given on November 2, 1928, by W. S. Hitshew, both as an individual and as administrator with the will annexed of the estate of U. G. Hitshew, deceased, said notice requiring the delivery of possession to plaintiffs by 12 o'clock noon of November 6, 1928; that defendant has failed to leave and deliver up possession of the premises and has continued in open and hostile possession thereof to the exclusion of the plaintiffs without any legal right.

Defendant filed an answer in substance admitting the receipt of the several notices to quit, his possession of the property by virtue of the written lease and his refusal to vacate. The answer also alleged that this lease was lost or destroyed; that it provided that defendant could remain in possession so long as he paid the rent and permitted the rental to be advanced, as and in case rents were advanced; that the rental was advanced and paid by the defendant to December 1, 1928. All other allegations of the petition were denied.

A reply was filed by plaintiffs denying the new matter contained in the answer.

Preliminary to trial in the District Court, defendant's general demurrer that plaintiffs' petition failed to state a cause of action which had been filed in the justice court, was argued and overruled. It is now claimed that this was error, the contention being that the pleading contained no allegation that the defendant was wrongfully

and unlawfully holding possession. No authorities are cited in support of this criticism as applicable to a petition such as appears in this record and we have been unable to find any. Section 6625, Compiled Statutes of Wyoming 1920, which indicates what should be incorporated in a complaint filed in forcible entry and detainer proceedings, directs the facts to be set out upon which reliance is predicated to recover the property in dispute. The 'unlawful detention of the premises must undoubtedly appear from the facts thus required to be detailed (26 C. J. 850, Sec. 107 and cases cited), and we think the petition attacked reasonably meets this requirement. This conclusion is the more readily reached when it is recalled that a petition of this character must be liberally construed. Church v. Blakesley, 39 Wyo. 434, 273 Pac. 541. The language concerning whose omission complaint is made by appellant would be but a legal conclusion, at most.

It is also argued for reversal of the judgment that the justice was without jurisdiction to try the action and hence the District Court had none on appeal. This is said because plaintiffs were alleged in the petition to be the owners of the property involved and this averment was denied by the answer, thus raising an issue of title, which the justice might not try but was required to certify to the District Court pursuant to Section 6484, Compiled Statutes of Wyoming 1920. But this issue was quite immaterial in view of the fact that both in the pleadings of the parties and in their proofs, it appears undisputed that defendant derived any rights he might have to the premises in controversy through and only through either the written lease from the plaintiff W. S. Hitshew and the testator U. G. Hitshew before the latter's death—as the defendant contends, or the holding over after the expiration of the term of that instrument—as plaintiffs insist; in short, that the relation of landlord and tenant existed between the

parties. And so in either event the familiar general rule that a tenant in possession of demised premises is estopped to deny the title of his landlord (16 R. C. L. 649, Sec. 137) was, we think, applicable here and precluded any investigation of the title to this property.

The undisputed testimony of the defendant himself is, that the written lease was signed by W. S. Hitshew, the individual plaintiff here, U. G. Hitshew, his brother, upon whose estate the former was subsequently appointed administrator, and the defendant. The uncontradicted proof also is, that defendant took possession of the premises in question in August, 1922; that U. G. Hitshew died October 1, 1926; that letters of administration with the will annexed upon the estate of his brother were issued to W. S. Hitshew July 9, 1927; that during the lifetime of his brother, W. S. Hitshew represented him with reference to these premises and collected the rent therefor; and that the defendant, since the inception of the lease, both before and after his brother's death, paid the rent to W. S. Hitshew regularly and apparently without question up to the date of the commencement of this action. Under this state of facts the general rule concerning a tenant's estoppel, mentioned in the preceding paragraph, was not only operative against the defendant as regards the plaintiff W. S. Hitshew individually, but also as regards the latter as administrator of his brother's estate. That this is so is, we think, well established by reason of the provisions of our statutory law and the authorities presently to be cited.

Defining the rights, powers and duties of executors and administrators in this state, Section 6829, Comp. Stat. of Wyo. 1920, enacts that:

"The executor or administrator is entitled to the possession of all the real and personal estate of the decedent, and to receive the rents and profits of the real estate until the estate is settled, or until delivery over by order of the court to the heirs or devisees."

See also Bamforth v. Ihmsen, 28 Wyo. 282, 295, 204 Pac. 345, 205 Pac. 1004. Sec. 6834, W. C. S. 1920, concerning the same subject, provides, among other things, that:

"The executor or administrator must take into his possession all the estate of the decedent, real and personal, and collect all debts due to the decedent or to the estate."

While Section 6835, W. C. S. 1920, in its entirety, provides that:

"Actions for the recovery of any property, real or personal, or for the possession thereof, or for the destruction, wasting, conversion, injury, taking or carrying away thereof, or to quiet title thereto, or to determine any adverse claim thereon, and all actions founded upon contract, may be maintained by and against executors and administrators in all cases in which the same might have been maintained by or against their respective testators or intestates."

It would seem logical that as by express statutory provision his personal representative succeeds, so far as holding and protecting the possession of the real estate of a deceased person during administration is concerned, to the full and complete rights of such person while living, the latter's tenant should be held estopped from questioning that person's title in an action by the representative to obtain possession from the tenant.

In 35 C. J. 1238, Sec. 583, the law is declared to be:

"Where the tenant is sued by an executor or administrator, advantage may be taken by him of the tenant's estoppel to deny the title of the deceased landlord. Especially is this true where the tenant has attorned to the personal representative."

See also Clarke v. Clarke's Administrator, 51 Ala. 498; Ronaldson, Administrator v. Tabor, Administrator, 43 Ga. 230; State ex rel. Carter v. Votaw, 13 Mont. 403, 34 Pac.

315; Pearce v. Pearce, Administrator, 83 Ill. App. 77, af-firmed 184 Ill. 289, 56 N. E. 311.

The case of Smith v. Hardwick, 28 Ky. L. Rep. 615, 89 S. W. 731, was one of forcible detainer proceedings by Hardwick against Smith. The law of Kentucky provided that, if without contract, a tenant held over after the time stipulated for the tenancy to expire and proceedings to recover possession were not instituted within ninety days, they could not be instituted until the end of the year from the date the tenancy expired and at the end of such year the tenant should stand in the same relation to his land-lord as he did, at the end of the expiration of the tenancy by contract. The defendant, the lessee, offered evidence undertaking to question the title of his lessor. Judgment going for the plaintiff in both justice and circuit courts, Smith appealed. Affirming the judgment below, the ap-pellate court said:

"The only question that can be determined in this kind of a proceeding is the right to possession. The question of title cannot be tried in a case of this sort. Smith admit-tedly held the land as the tenant of Mrs. Hardwick for the year 1901. It is equally clear that he held it as her tenant for the year 1902. When she died during the year he be-came by operation of law the tenant of her real repre-sentatives, her husband and her infant child. When at the close of that year he made no contract for another year's tenancy, and no proceeding was instituted against him for 90 days, he had the right to remain until the end of the year, under Section 2295, Ky. St. 1903. But during this time he held as their tenant, as he had held before, and when he refused to give possession at the end of the year by the terms of the statute he stood in the same relation to his landlord as at the expiration of his term at the close of the year 1902. To permit him to make the defense which he offered would be to permit him to deny his landlord's title and to try the question of title in this form of action, which cannot be done."

Holding that when a tenant recognized the widow of his deceased landlord, to whom a life estate was given, as his landlord and attorned by the payment of rent, he was estopped from denying her title, in Jinkinson v. Owens, 180 Ill. App. 122, the court used this language:

"In the case at bar the appellant had recognized Martha H. Preuitt as his landlord and attorned to her by the payments of rent. The appellant is therefore estopped from denying her title, and when the premises were leased to Ida May Pritchett, and sublet to appellee, the appellant is estopped from denying the appellee's right to possession, since he had all the rights of possession that landlord had. Carter v. Marshall, 72 Ill. 609."

To the same effect is the case of Howe v. Gregory, 2 Ind. App. 477, 28 N. E. 776, 777, where the opinion deals with the matter in which we are here interested as follows:

"The evidence in the case heretofore set out proves without conflict 'that the appellants were the tenants of the testator, William L. Gregory; that after his death appellants continued to hold over and occupy the premises, and attorn to the appellee, as the executrix of the estate of said William L. Gregory, and continued to pay the rent, without objection, to the appellee, as such executrix, from the death of said testator, in 1884, until July, 1889. The payment of said rent, after the testator's death, was paid direct to the appellee, or in bank to her credit. These facts clearly established the relation of landlord and tenant between the appellee as executrix of said estate and the appellants. The payment of the rent estopped the appellants from disputing the title of the appellee. Tayl. Landl. & Ten. Secs. 629, 705; 2 Herm. Estop. Sec. 840; Sedg. & W. Tr. Title Land, Sec. 351; Prevot v. Lawrence, 51 N. Y. 219. 'Where the relation of landlord and tenant exists, the former is not required to show that his title is good against all the world; nor, indeed, to prove title at all. The only thing he need do is to show that defendant entered into possession as tenant.' The appellants paid the appellee rent for about five years at the rate fixed at the time they entered under the testator, and continued to hold under the appellee. This was sufficient to establish

the relation of landlord and tenant. Where one claims to be the lessor, and the person in possession acquiesces in the claim and pays rent, the presumption is that the relation of landlord and tenant exists, and this presumption will prevail, unless overcome by countervailing evidence. Cressler v. Williams, 80 Ind. 366; Tayl. Landl. & Ten. Sec. 22. The authorities sustaining the opinion in this case are numerous, but, as the questions involved are so familiar and well settled under the facts as shown by the evidence, a further citation of authorities is unnecessary. Judgment affirmed, with costs.''

Finally it is urged that there is incorporated in the written lease a covenant that its term should be for so long as appellant paid the rentals which were being generally asked in Lusk, and so long as there was no friction between the parties to the lease. Aside from the question of definiteness, which is discussed to some extent in the briefs of the parties concerning this asserted clause, it is to be observed that the trial court found in favor of the plaintiff on all the issues in the case. Inasmuch as the written lease was lost or destroyed, oral testimony was taken concerning the existence of such a covenant therein. The testimony on that point was conflicting and under familiar principles of appellate practice it is not our province to interfere with the finding of the trial court on the matter. The only conclusion which we are permitted to indulge in this court as flowing from the District Court's finding in favor of the plaintiff is, that there was no such provision in the lease. This being so, the case of Thaw v. Gaffney, 75 W. Va. 229, 83 S. E. 983, 3 A. L. R. 495, cited by appellant to the point that a covenant permitting indefinite perpetuation of a lease does not violate the rule against perpetuities, does not aid us.

The written lease, having expired by its terms, the appellant thereafter held only a tenancy by sufferance. See Sections 4621 and 4622, Comp. Stat. of Wyo. 1920; McNamara v. O'Brien, 2 Wyo. 447; Lawer v. Mitts, 33 Wyo. 249, 258, 238 Pac. 654. It is undisputed that the tenant

was served with notice to quit on behalf of both plaintiffs in the case. The notice was given in due time and no question appears to be made as to its form or substance. The possession of the premises has been and is, nevertheless, being withheld from plaintiffs. This is contrary to the legal rights of the parties as disclosed by this record, as we view it. Accordingly it is our conclusion that the judgment below should be affirmed.

*Affirmed.*

BLUME, C. J., and KIMBALL, J., concur.