## KING LUMBER CO. et al. v. BENTON et al.

(Circuit Court of Appeals, Fifth Circuit. April 11, 1911.)

### No. 2,196.

1. **APPEAL AND ERROR (§ 920*)—RECORD—PRESUMPTIONS—INJUNCTION.**

   Where the record does not show the contrary, it will be presumed on appeal from an order granting a temporary injunction that the evidence was sufficient to warrant the order.

   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3717; Dec. Dig. § 920.*]

2. **APPEAL AND ERROR (§ 954*)—PRELIMINARY INJUNCTION—REVIEW.**

   An order granting an injunction pendente lite will only be interfered with on appeal when it is apparent that it has been improvidently made.

   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3818–3821; Dec. Dig. § 954.*]

3. **INJUNCTION (§ 136*)—PENDENCY OF ACTION—PRESERVATION OF EXISTING STATUS.**

   When issues are joined raising grave questions of law which the court must decide before rendering a final decree, the court in its discretion may grant an injunction pendente lite to preserve the existing status until the case is determined.

   [Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 305, 306; Dec. Dig. § 136.*]

4. **INJUNCTION (§ 157*)—TEMPORARY INJUNCTION—MANDATORY PROVISIONS.**

   An order granting a temporary injunction pendente lite to maintain the status quo, until the case was determined, was improper in so far as it contained mandatory provisions requiring of defendants affirmative action.

   [Ed. Note.—For other cases, see Injunction, Dec. Dig. § 157.*]

   Pardee, Circuit Judge, dissenting.

---

Appeal from the Circuit Court of the United States for the Northern District of Texas.

Bill by C. A. Benton and others against King Lumber Company and others. From an order granting an injunction pendente lite, defendants appeal. Affirmed.

William H. Atwell, for appellants.
Richard Mays and Etheridge & McCormick, for appellees.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

SHELBY, Circuit Judge. This is a bill filed by C. A. Benton and S. S. Freedman, and the city of Corsicana, a municipal corporation of the state of Texas, complainants, against the King Lumber Company, a Virginia corporation, and G. W. North, defendants.

There are no other parties to the bill by intervention or otherwise.

The court below made an order granting an injunction pendente lite, and the defendants have appealed.

It appears affirmatively that the affidavits and documentary evidence that was before the lower court are not in the record, but an agreement of counsel is substituted "for the purpose of shortening the record." This agreement was made for the purposes of this appeal after the decree was rendered below, and it does not appear that it was submitted to or recognized by the trial judge as embodying all of the evidence or the ultimate facts of the case.

The suit is one to enjoin the closing of an alley. **On the** pivotal point in the case, the agreement shows:

"That the testimony of plaintiffs tended to show the existence of the alley as claimed, and the testimony of defendants tended to show there was no such alley."

[1] When the record does not show the contrary, it is presumed that the evidence was sufficient to justify the decree appealed from. [2] This court, as we have repeatedly held, is reluctant to interfere with the discretion of the Circuit Court in granting interlocutory injunctions, and will only do so when it is apparent that the order has been improvidently made. Kerr v. City of New Orleans, 126 Fed. 920, 61 C. C. A. 450. [3] When issues are joined raising grave questions of law which the court must decide before rendering a final decree, it is within sound judicial discretion to preserve the existing status till the case is finally decided. City of Newton v. Levis, 79 Fed. 715, 25 C. C. A. 161; Massie v. Buck, 128 Fed. 27, 62 C. C. A. 535.

We are of opinion that there is nothing in the record before us to show that the lower court improvidently exercised its discretion in maintaining by injunction the conditions that existed when the bill **was filed.** If the rules are complied with, the evidence may be soon taken and the case tried, and the court may then determine by final decree the issues made by the bill and the answers.

[4] We are of opinion that the decree appealed from should be amended by striking out the mandatory part of the injunction, and letting it stand as an order maintaining the conditions that existed

when it was granted. The part of the order stricken out by amendment is as follows:

"And commanding and requiring them and each of them forthwith to remove the coping and permanent obstructions which they have placed and constructed across said alley at the point of its intersection with said Sixth avenue, so that there shall remain no obstruction placed by said defendants preventing free egress and ingress out of and into said alley from and to the said Sixth avenue."

As so amended, the order is:
Affirmed.

PARDEE, Circuit Judge (dissenting). The controversy shown by the record is one of an easement vel non over a piece of property admitted to belong to the United States, and the suit is one by appellees against the agents of the United States in possession and custody of the property to declare such easement.

In order to render any valid or effective decree, the United States are a necessary and indispensable party, and they cannot be made a party without their assent.

The particular order appealed from is one which restrains the appellants, the agents of the United States as aforesaid, in the use and occupation of the property; and I doubt the propriety (to say nothing of the authority) of the court, even with proper and indispensable parties before it, to issue preliminarily, and before a final hearing, any injunction restraining the use of the property. United States v. Lee, 106 U. S. 196, 1 Sup. Ct. 240, 27 L. Ed. 171, should not control under the conceded facts in this case, but rather Stanley v. Schwalby, 162 U. S. 255, 16 Sup. Ct. 754, 40 L. Ed. 960, wherein, all the judges concurring, United States v. Lee was distinguished as follows:

"In that case an action of ejectment was brought in the Circuit Court of the United States against officers occupying in behalf of the United States lands used for a military station and for a national cemetery. The Attorney General filed a suggestion of these facts, and insisted that the court had no jurisdiction. The plaintiffs produced sufficient evidence of their title and possession, and the United States proved no valid title. This court held that the officers were trespassers, and liable to the action; and therefore affirmed the judgment below, which, as appears by the record of that case, was simply a judgment that the plaintiffs recover against the individual defendants the possession of the lands described, and costs. And this court distinctly recognized that, if the title of the United States were good, it would be a justification of the defendants."

In the instant case the title and full ownership of the United States is conceded, and the agents of the United States are not trespassers. I am clear that the injunction pendente lite should be dissolved. In my opinion the proper disposition of the case is to reverse and remand, with instructions to dismiss the case, unless within some reasonable time, to be fixed by the Circuit Court, the United States shall intervene and submit the controversy to the court.