COSMOS DYEING AND PRINTING WORKS

*v.*

DELFIORY CALDERINI et al.

[Decided June 23d, 1920.]

A preliminary injunction will be refused where it is alleged that a covenant in an agreement of sale that the seller will "not engage in the piece dyeing and finishing business in the State of New Jersey or the State of New York for a period of five years," is violated when the seller is employed on a salary by another company in this line of business, the complainant's right being uncertain as a matter of law.

On motion to modify restraint.

*Messrs. McDermott & Enright,* for the complainant.

*Mr. George W. C. McCarter,* for the defendants.

LEWIS, V. C.

The motion before the court is to modify the restraint imposed by the order of May 27th, 1920, on the defendant. Under date of June 10th, 1919, the defendants Delfiory Calderini and Maria Calderini then trading and doing business under the name of Fiory Dyeing and Printing Company, entered into a written contract with the complainant wherein the said defendants, Delfiory Calderini and his wife, agreed to sell to the complainant all the good-will of the business known as the Fiory Dyeing and Printing Company, at Haledon, Passaic county, New Jersey, together with all the machinery, &c., and also the land upon which the plant stood; also the processes and formulas for piece dyeing and finishing, secret or otherwise, relating to the said business. The consideration was $185,000, payable, $5,000 upon the signing of the said agreement, $45,000 on August 1st, 1919, at which time the real estate should be conveyed to the complainant, and the chattels transferred; $65,000 to be secured by a chattel mortgage covering the machinery, payable in monthly installments of $10,000; and final installment of $5,000 February 1st, 1920. The balance of $70,000 to be secured by a purchase-money bond and mortgage covering the real estate, payable in three years, at six per cent.

The defendants further agreed by the said instrument "not to engage in the piece dyeing and finishing business in the State of New Jersey or in the State of New York for a period of five years from the 1st day of August, 1919."

This covenant is the one now under consideration upon this application, complainant having paid all moneys secured by the chattel mortgage, and all installments of interest due upon the said real estate mortgage; and has, in all respects, complied with the terms of its contracts.

It is alleged by the complainant, that the defendant Delfiory Calderini, in violation of his agreement, did engage in the silk dyeing and finishing business with the Atlas Finishing Company, a corporation of the State of New Jersey, with works at Homestead, Hudson county, New Jersey, with a sales office in the city of New York; and that he became general manager of the said works and business; and that he has associated his son, Peter Calderini, with him in the said business.

The defendant Delfiory Calderini claims that he is simply an employe at the Atlas Works, and that his investment of $11,000 in the said works was made for his son, so that he might learn the trade and business.

The checks which were given to the Atlas company were the checks of the Fiory Dyeing and Printing Company, and it appears that the defendant Delfiory Calderini is in daily attendance at the works of the Atlas company; and furthermore, that while the affidavits of the defendants set forth that he was to be paid a salary there as an employe, upon cross-examination it was developed that no salary had been paid prior to the hearing on this application.

Allegations of an attempt to entice away salesmen and other employes of the Cosmos company by the defendant, and to injure the good-will of the business, are also made against the defendant Delfiory Calderini; but it will take a final hearing for the court to be satisfied as to the truth of these claims.

At the oral argument upon this application it was agreed by the defendants that all money invested in the Atlas company by Delfiory Calderini, in behalf of his son, would be withdrawn; and that the only question remaining was as to whether he could go there and labor as a paid employe.

My belief is, that the court is not warranted in granting a preliminary injunction restraining the defendant Delfiory Calderini from working as an employe, upon the affidavits presented and the proofs taken. A very important part of the proofs offered is that by Alexander M. MacLeod, a member of the bar of this state, who represented the defendants at the time of the negotiations between them and the complainant, and who

CASES IN CHANCERY, 1920. 381

*91 N. J. Eq.*    Cosmos Dyeing & Printing Wks. *v.* Calderini.

sets forth in his affidavit that the complainant expressly objected to the insertion of any clause in his agreement with the Cosmos company, which would prevent him from going to work as an employe; and that the clause was drawn by him with this end in view.

It was urged by counsel for the complainant that the case of *Fleckenstein* v. *Fleckenstein, 66 N. J. Eq. 252,* was parallel in many respects. An examination of this case which seems to be as close to the one under consideration as any of our authorities in this state, discloses that the covenant included the words, "not to engage as servant or agent." This is not similar to the one now discussed.

There is no doubt that this court should go as far as possible to restrain a fraudulent act by the vendor in violation of his covenant; but the restraint must be reasonable, and the words of the contract carefully construed. Moreover, the rule in New Jersey is plainly established that where the complainant's right is uncertain as a matter of law, a preliminary injunction will be denied. The true intent and meaning of the contract herein is a question of law, particularly when the covenant is one which may be in restraint of trade.

In the case of *Citizens' Coach Co.* v. *Camden Horse Railway Co., 29 N. J. Eq. 299,* Chief Justice Beasley, for the court of errors and appeals, said:

"No rule of equity is better settled than the doctrine that a complainant is not in a position to ask for a preliminary injunction when the right on which he founds his claim is, as a matter of law, unsettled. * * * An injunction will not issue where the right of the complainant, which it is designed to protect, depends upon a disputed question of law, about which there may be a doubt, which has not been settled by the courts of law of this state. * * * Such a claim cannot be assumed or decided in favor of a complainant on a motion for a preliminary injunction; for, by so doing, the case is first decided, and, afterwards, when the proofs are in, heard in its final stage."

I am not willing on this preliminary application to say that the covenant prevents Delfiory Calderini from working at the

Atlas company. I think an order can be framed so that the rights of the complainant will be entirely protected until final hearing, and that no fraud can be practiced upon them. It is well settled, that a preliminary injunction will not issue unless the injury sought to be prevented is really irreparable.

There is grave doubt in my mind as to whether, under our cases, the temporary restraint in the form desired by complainant is proper, for it resolves, prior to final hearing, all doubts in favor of it, and gives such relief as it would be entitled to by a final decree. *Aldrich* v. *Union Bag and Paper Co., 81 N. J. Eq. 244; Howland* v. *Andrus, 81 N. J. Eq. 175.*

The affidavits before me, furthermore, do not disclose that the Cosmos company and the Atlas company are engaged in businesses that are in a large sense competing. In conclusion I may say that I do not find any case in this state which holds that a covenant in the terms of the one under consideration would prevent a man from working as an employe of a third person; and the English authorities are to the same purport.

Application to modify the restraint may be made on three days' notice.