CITY SANITATION COMPANY v. CITY OF CASPER
(No. 1086; Decided April 18, 1922; 206 Pac. 149)

INJUNCTION—TEMPORARY RESTRAINING ORDER—PLEADING—CONTRACT—DEMURRER—FRANCHISES—MUNICIPAL CORPORATIONS.

1. Where there is grave doubt as to whether a temporary restraining order should be granted, it should be refused.
2. When the questions of law which the court must decide before rendering a final decree, are grave, novel and difficult, it may, in its discretion grant an injunction *pendente lite* to preserve the existing status until final decision.
3. Where the law involved has been fully argued on an application for a temporary restraining order, the court may determine, as a matter of law, whether the applicant is ultimately entitled to prevail.
4. On demurrer allegations of the effect of a contract are not controlling where the contract is set out in the pleadings.

5. The extent of a franchise granted by a municipality is measured by the terms of the grant and those implications only which are necessary to carry into effect the obvious intent of the grant.

6. The policy of the law is to regard with disfavor any claim to an exclusive franchise.

7. Though a city ordinance provided that any person hauling garbage shall use certain equipment in a designated manner and shall give bond to secure compliance with all requirements, a contract between the city and a sanitation company by which the company agreed to haul ''all'' the city garbage for two years, with the privilege of renewal from year to year for ten years, the company agreeing to fully equip itself with the necessary appliances for conduct of the business, was not exclusive, and the contractor was not entitled to an injunction to restrain the city from entering into a similar contract with another.

ERROR to the District Court, Natrona County, CYRUS O. BROWN, Judge.

Action by the City Sanitation Company against the City of Casper to establish its exclusive right to remove garbage under a certain contract. From a judgment in favor of defendant, plaintiff brings error and moves for an injunction pending appeal.

*John B. Barnes, Jr.,* and *E. H. Foster,* for plaintiff in error.

Injunction is a proper and only remedy and should be granted *pendente lite* pending appeal. (Coxe v. Huntsville Co., 129 Ala. 496; Hicks v. Michael, 15 Cal. 107; Will v. Fire Commissioners, 46 La. Ann. 731; Harriman v. Sanitation Co., 132 Fed. 464; Newton v. Lebis, 79 Fed. 715; Tel. Co. v. Pa. R. R. Co., 120 Fed. 981; Sanitary Reduction Works of San Francisco v. California Production Co., 94 Fed. 693.) Plaintiff is entitled to an injunction upon the facts in its petition. (Smiley v. Alex McDonald, 27 L. R. A. 540; State v. Lowery, 49 N. J. L. 391; Walker v. Jameson, 28 L. R. A. 679; Com. v. Stodder, 2 Cush. 562; People v. Gordon, 81 Mich. 306; River Rend. Co. v. Behr, 7 Mo.

App. 345.) · To enjoin the city from making a contract is not enjoining a legislative act. (Alpars v. San Francisco City and County, 32 Fed. Rep. 503; Fertilizer Co. v. Lambert, 48 Fed. 459.) If the injury to an applicant will be greater if an injunction is denied than will result to his opponent for granting it, the court will afford relief asked for. (Kryptok Co. v. Len Co., 190 Fed. 767.) The remedy at law must be adequate and speedy. (Boyce v. Grundy, 3 Pet. 210; Watson v. Sutherland, 5 Wall 74; Romono v. Light Co., 182 Ala. 335; 62 So. 677.) A cause of action being stated in the petition, it is proper to grant the relief asked for. (Western Union Tel. Co. v. R. R. Co., 120 Fed. 981.) Each case must be decided on its own facts. (41 A. S. R. 771 in note, 32 Am. Dec. 411.)

*R. M. Boeke,* for defendant in error.

The temporary restraining order was granted by the court commissioner without a hearing and later dissolved upon the sustaining of a demurrer filed to the petition. From an order sustaining demurrer and dissolving the restraining order plaintiff prosecutes error. The affidavits of E. A. Thomas and J. B. Boyer, relate to immaterial facts. Plaintiffs contract is in the nature of a license. The granting of a contract by a city is a discretionary power that will not be interfered with by the court. (Dillon on Municipal Corporations, Section 242.) The courts will not enjoin a legislative body. (Alpers v. San Francisco, 32 Fed. 503; New Orleans Company v. New Orleans, 164 U. S. 471.) The courts will not restrain the enactment of an ordinance by a municipality if the object of the ordinance is within the discretion of the city council.

BLUME, Justice.

Plaintiff in error brought this action against the defendant in error claiming that it has the exclusive right to haul, collect and remove rubbish, garbage and other refuse in and from the city of Casper; that it has fully complied with all the conditions by it required; that said city is

about to, or threatens to enter, or has entered into a contract
with others granting them the same privilege possessed by
the plaintiff in error, and asking that the said city be re-
strained from entering into such contracts.   The petition
alleges.that the said city passed and adopted an ordinance,
No. 225-A, which regulates the collection and removal of
rubbish, miscellaneous refuse, garbage, etc.   The ordinance
is. set out in full.   Sections 6 and 7 of the said ordinance,
which sections have a particular bearing on this case, are as
follows:

"Sec. 6.   Any person, firm or corporation desiring to
engage in the business regulated by this ordinance shall
maintain a centrally located office, provided with telephone,
at which place all complaints and calls for service shall re-
ceive prompt attention, giving twenty four hour service on
demand and removing dead animals and deteriorated mate-
rial upon notice, so long as the fees charged by them are
paid.

"Sec. 7.   It shall be unlawful for any person, firm or
corporation to conduct or engage in the business regulated .
by this ordinance without first giving a Surety bond in the
sum of Three thousand dollars ($3000.00) payable to the
City of Casper for the faithful performance of the condi-
tions in this ordinance set forth, and first securing from the
City Council of the City of Casper a written contract to
conduct such business, which business shall at all times be
under the supervision of the Board of Health of the City of
Casper, Wyoming."

It is further alleged that a contract, pursuant to the said
ordinance was entered into on August 29th, 1921, between
the said city, as first party, and the assignors of the plain-
tiff in error as the second parties, the material portions of
which are as follows:

. "1.   That for and in consideration of the parties of the
second part fully equipping themselves to care for the haul-
ing of all garbage and refuse as defined in. Ordinance No.
225-A of the City of Casper and their agreeing to place
themselves under the supervision of the Health Department

of the City of Casper, and their agreeing to comply with all the provisions and conditions as set forth in Ordinance No. 225-A of the City of Casper, the party of the first part grants unto them, the parties of the second part, the right of hauling such garbage and refuse as set forth in the said ordinance in the city of Casper for the period of two years.

"2.   It is further mutually agreed that this contract may be renewed from year to year for the period of ten years."

Pending the action in the court below a temporary restraining order was issued.   A demurrer was filed to the petition, which was sustained, and plaintiff standing on his petition, judgment was entered in favor of defendant, also dissolving the temporary injunction, and this action is brought to this court by petition in error.   The case not yet having been finally submitted, a motion was filed herein asking this court to issue an injunction pending the appeal, restraining said city to enter into any other contracts as above mentioned.   This motion has been argued both by briefs as well as by oral argument, and is now up for disposition.   The facts in the case are undisputed, and we must determine as to whether or not, applying the law to these facts, the motion herein made should be granted.   It is a general rule that a temporary restraining order should be issued only with caution, and if there is grave doubt as to whether it should be granted or not, it should be refused. (Richards v. Meissner, 158 Fed. 109; 22 Cyc. 756; Borough of Easton v. Ry. Co., 2 Pa. Co. 639; Doughty v. R. R. Co., 7 N. J. Eq. 629, 51 Am. Dec. 267.)   This principle is applied not only in cases where the doubt arises from the facts.   The greater number of courts hold that where a doubt exists as to the law of the case, the court should not grant the order.   (22 Cyc. 756 and cases cited; Dying & Printing Works v. Calderine, (N. J. Eq.) 111 Atl. 517; Lumber Co. v. Mather, 53 Fla. 969, 43 So. 590; Buffalo v. Gas Co., 60 Misc. 550, 112 N. Y. S. 461; Eppstein v. Smith, 121 N. Y. S. 854; Paxton v. Falery, 200 Ill. App. 104; Beidenkopf v. Ins. Co., 160 Ia. 629, 142 N. W. 434; Easton v. R. Co., supra.)   On the other hand, it is held that when

the questions of law are grave, novel and difficult, which the court must decide before rendering a final decree, it, in its discretion, may grant an injunction *pendente lite* to preserve the existing status until the case is finally determined. (King Lumber Co. v. Benton, 186 Fed. 458, 108 C. C. A. 436; City of Newton v. Levis, 79 Fed. 715, 25 C. C. A. 161; Massie v. Buck, 128 Fed. 27, 62 C. C. A. 535; Harriman v. Northern Securities Co., 132 Fed. 164.) It would seem to follow as a corollary to the foregoing principles that the court should refuse to grant a temporary restraining order when it is clear that the applicant therefor cannot, as a matter of law, ultimately succeed. It has in fact been held that the court has the right, and it is sometimes its duty to determine, on a motion for an injunction *pendente lite*, whether such applicant has or has not, as a matter of law, such right to recover ultimately, even though such determination virtually disposes of the whole case. (Minneapolis Electric Co. v. City of Minneapolis, 194 Fed. 215.) And when the points of law involved have been fully argued, then the court clearly has the right to do so. (Johnston v. Belmar, 58 N. J. Eq. 354, 44 Atl. 166. See also Crawford v. Gilchrist, 64 Fla. 41, 59 So. 963.) In the case at bar the sole object of the case is to obtain an injunction. The only question involved is as to whether or not the petition states facts sufficient to constitute a cause of action, and we cannot see how it is possible for us, in deciding as to whether or not an injunction pending the appeal should be granted, to avoid indicating our view as to whether or not under the law the plaintiff is ultimately entitled to recover, unless we should say that the points of law involved are grave and difficult, which we do not believe to be true. In fact, the motion has been argued by counsel on both sides, and cases cited, in the expectation that the decision on the motion practically disposes of the whole case.

One of the determinative points here is as to whether or not the city granted an exclusive privilege. If it did not, then, it must be clear, it has the perfect right to grant such privileges to others, as well as to the plaintiff in error. The

contract being pleaded in full, the allegation in the petition that it grants an exclusive right is not controlling. Now it is a well settled canon of construction that generally all that is granted by the grant of a franchise or privilege of a state or municipality must be found in the plain terms of the grant and nothing passes by implication except when it may be necessary to carry into effect the obvious intent of the grant. (26 C. J. 1031, 1033, 1034. McQuillan, Mun. Corp., Sec. 1635; Appeal of City of Chester, 5 Pa. Cas. 130, 8 Atl. 400.) It seems that, according to the ancient doctrine, such a grant was by implication exclusive; but that doctrine has almost unanimously been condemned by the courts as inapplicable to the situation and political institutions of this country, (Shorter v. Smith, 9 Ga. 517) and the policy of the law is to regard with disfavor any claim to exclusive privileges and franchises. (Turnpike Co. v. Montgomery Co., 100 Tenn. 417, 422, 45 S. W. 345, 588 R. A. 155.) Let us apply these rules of construction. We find, in the case at bar, no express grant of an exclusive right. The word "exclusive" is not used in the contract. We can neither find any language therein indicating that by necessary implication such exclusive right is intended to be granted, nor does the purpose or object thereof justify us in giving it such an interpretation, for that would clearly do violence to the language used. It may be that the city would do better to give such exclusive right, assuming that it has the power to do so, a point we need not determine, but that must necessarily be left to the judgment and discretion of the council. The clause "that for and in consideration of the parties of the second part fully equipping themselves to care for the hauling of *all* garbage and refuse as defined" in said ordinance in no way indicates an exclusive grant. The ordinance defines the various kinds of material which is included in the terms "garbage" and "refuse," and then makes further provision as to how and in what kind of equipment it should be removed, some of it in one kind of equipment and some of it in another. The ordinance contemplates that no contract shall be entered

into with any one that does not possess this equipment, and
the clause in question simply shows that the assignors of
plaintiff in error, having equipped themselves as required
by the ordinance to haul the various kinds of material there
mentioned, are qualified persons to collect and haul it.
This in no manner indicates that another person shall not
have a similar right. The subsequent provision in the con-
tract granting to the parties "the right of hauling such
garbage and refuse" means merely the right to haul gar-
bage and refuse as defined in the ordinance, and not neces-
sarily the exclusive right to haul all of the garbage and
refuse that may be removable from the city. .

, That no exclusive right was contemplated by the contract
is shown even more plainly, if that is possible, by Sections 6
and 7 of the ordinance above quoted, which clearly indi-
cate the intention that any person, firm or corporation com-
plying with the provisions of the ordinance may have the
right to haul garbage, refuse and rubbish; these sections in
no manner show that an exclusive right to do so shall be
granted to any one, and plaintiff, claiming only under a
contract entered into pursuant to an ordinance, can claim
no greater right than is granted by the letter, unless, at
least, the contract contains a provision expressly making
the grant exclusive.

The fact that the grantee is damaged by reason of an-
other like grant furnishes no criterion that the first grant
is exclusive. In Turnpike Co. v. Montgomery Co., supra,
citing Charles River Bridge Co. v. Warren Bridge, 11 Pe-
ters, 420, 9 L. Ed. 773, the court said:

" 'Where the grant is not, by its terms, exclusive, the
legislature is not precluded from granting a similar fran-
chise or authorizing the construction of a rival way or
structure which may greatly impair or even totally destroy
the value of the former grant, and such damage, is not a
taking of the former franchise which entitles the owner to
compensation.' "

In Piedmont Power Co. v. Graham, 253 U. S. 193, 64 Fed.
855, the court said:

"The grant to the appellant is set out in full in the bill and plainly it is not one of exclusive rights in the streets. The attempt to derive an exclusive grant from the declaration, in the paragraph of the ordinance relating to the trimming of trees, that "said Town of Graham hereby warrants that it will, by its proper authorities, provide for the full and free use of its streets, lanes," etc., is fatuous and futile. Grants of rights and privileges by a state or municipality are strictly construed and whatever is not unequivocally granted is withheld,—nothing passes by implication. (Knoxville Water Co. v. Knoxville, 200 U. S. 22, 34; Blair v. Chicago, 201 U. S. 400, 471; Mitchell v. Dakota Central Telephone Co., 246 U. S. 396, 412.)  The grant to appellant not being an exclusive one, the contention that competition in business, likely to result from a similar grant to another company, would be a violation of appellant's contract, or a taking of its property in violation of the Constitution of the United States is so plainly frivolous that the motion to dismiss for want of jurisdiction, filed in each case, must be sustained."

(See also Shorter v. Smith, 9 Ga. 517, 529; Clark v. Los Angeles, 160 Cal. 30, 116 Pac. 722.)  Nor do we see any force in the argument that the fact that the contract is for two years, with privilege of renewal, shows that an exclusive right was intended.  In Bartholomew v. City of Austin, 85 Fed. 359, 363, the court said:

"The contract on which this action is based is a grant and privilege for a period of 20 years to the City Water company to supply water to the city of Austin, and the inhabitants thereof, with the right of extension under certain named contingencies.  The grant is not in terms an exclusive one, and, so far as the language used is concerned, there is nothing to hinder the city of Austin from erecting other and competing works, nor from granting to others the right to use the streets, nor from contracting with others for the furnishing of more water, as the needs of the city may require.  It is very well settled that, in contracts with states or municipalities conferring powers, grants, or priv-

ileges on private corporations affecting the general rights and interests of the public, the grant or privilege must be clearly conferred, all implications, doubts and ambiguities being resolved against the grant or privilege claimed.''

We think it clear that the contract in question is nothing more than a license, and that the city, under the ordinance in question, may grant as many as it deems expedient.

The motion for an injunction pending the appeal, is, therefore, denied, without prejudice to the rights of the parties to again present their arguments upon the final hearing of the case.

*Motion denied.*

POTTER, Ch. J., and KIMBALL, J., concur.