## CITY SANITATION CO. vs. CITY OF CASPER
(No. 1086, January 8th, 1924; 221 Pac. 1119.)

Municipal Corporations—Garbage Contract—Exclusive Franchise.

1. A contract between a city and a sanitation company under which the company agreed to remove garbage for two years, with the privilege of renewal from year to year for ten years, held not to constitute an exclusive franchise, and nothing more than a license.

Error to the District Court, Natrona County; Cyrus O. Brown, Judge.

Action by the City Sanitation Company against the City of Casper, to establish its exclusive right to remove garbage under a certain contract. From a judgment in favor of defendant, plaintiff brings error. Pending appeal plaintiff moved for an injunction which was denied. See 28 Wyoming 452; 206 Pac. 149.

*John W. Barnes, Jr.,* and *Embree H. Foster,* for plaintiff in error.

The City had power to grant an exclusive franchise, 1848, 1849, and 1868 Comp. Stats. The contract granted plaintiff was exclusive, but not a monopoly. Greenberry v. Jameson, 28 L. R. A. 678. It is a police regulation. City of Lewisville v. Weible, 1 S. W. 605; Ingram v. Colgan, 106 Cal. 113, 38 Pac. 315; People v. Weiner, 271 Ill. 74, 110 N. E. 870; Chicago Ry. Co. Arkansas, 219 U. S. 543, 55 L. ed.

290. Police power need not be granted in express words. Gundling v. Chicago, 176 Ill. 340, 52 N. E. 44, 48 L. R. A. 230; Cambridge Com'rs. v. Cam. Water Co., 99 Md. 501, 58 Atl. 442, 2 Ann. Cas. 311; Mt. Vernon Bank v. Sorlis, 129 Ind. 201, 28 N. E. 434, 28 S. R. 185, 13 L. R. A. 481; Municipalities may provide for garbage removal. Iler v. Ross, 64 Neb. 710, 90 N. W. 869. Exclusive contracts are permissible. State v. Payson, 47 La. Ann. 1029, 17 So. 481; State v. Orr, 68 Conn. 101, 38 L. R. A. 279, San., Red. Wks. v. Co., 94 Fed. 693. Not objectionable as a monopoly. Gale v. Village, 23 Mich. 344; Davenport v. Kleinschmidt, 6 Mont. 502, 13 Pac. 249; Beach, Mon. 360; Greenhood Pub. Pol. 672; Walla Walla v. Co., 172 U. S. 1, 43 L. ed. 341. Exclusive contracts are valid. Vandine Pet. 6 Pick 187. Construction will favor legality of contract. U. S. v. Cent. R. R. Co., 118 U. S. 235. Words will be given ordinary meaning. Francis v. Co., 122 Fed. 899. Police power may be delegated. Chicago Co. v. State, 47 Neb. 549, 66 N. W. 624. The power need not be expressly granted, cases supra. The contract is binding and exclusive in its nature. Fletcher v. Peck, 6 Cranch 87, 137. The City is estopped from granting the same privilege to others. The right granted is necessarily exclusive. The Court erred in sustaining the demurrer. Sandpoint v. Dayle, 11 Idaho 642, 83 Pac. 598; Grantham v. Gibson, 41 Wash. 125, 83 Pac. 14. The petition stated a cause of action. New York Ry. Co. v. Scovill, 71 Conn. 136, 41 Atl. 246, 71 A. S. R. 159, 42 L. R. A. 157; People's Gas Co. v. Tyner, 131 Ind. 277, 31 N. E. 59, 31 A. S. R. 433, 16 L. R. A. 443; Grantham v. Gibson 41 Wash. 125, 83 Pac. 14, 111 A. S. R. 1003, 3 L. R. A. (NS) 447. The common law rule that pleadings are construed most strongly against the pleader, is abrogated in this State. Cone v. Ivinson, 4 Wyo. 203; Smith v. Stone, 21 Wyo. 62. The Court erred in dissolving the temporary restraining order. Coxe v. Huntsville Co., 129 Ala. 496, 29 So. 867; Hicks v. Michael, 15 Cal. 107; Wheeler v. Com'rs. 46 La. Ann. 731. The contract is valid and exclusive. River Co.

v. Behr, 7 Mo. App. 345; Aplers v. City, 32 Fed. 503; State v. Lowary, 49 N. J. L. 391.

*R. M. Boeke* for defendant in error.

The only point involved is whether the contract is exclusive; the ordinance authorizes contracts with any person complying therewith; the contract itself, does not show any exclusive right; A monopoly must rest upon express grant. Chicago v. Rumpff, 45 Ill. 90. The contract does not preclude similar contracts with others. Dillon Mun. Corp. 2160; Joplin v. Co., 191 U. S. 150. An exclusive right will not be implied in the absence of express legislative authority. Dillon Mun. Corp. 2166. Possible damage from computations do not imply exclusiveness. Charles R. B. Co. v. Warren Co., 11 Peters 420; Piedmont Co., v. Graham, 253 U. S. 193. The tenure of the contract does not imply an exclusive right. Bartholomew v. City, 85 Fed. 359; Water Co. v. Tillamook, 150 Fed. 117; Bienville Co. v. Mobile, 175 U. S. 109. We have been unable to find a decided case brought upon a contract granted under a general ordinance of this class. The judgment should be sustained.

BLUME, Justice.

Plaintiff in error brought this action against the defendant in error, claiming to have the exclusive right to haul, collect and remove rubbish, garbage and other refuse in and from the City of Casper pursuant to an ordinance of, and a so-called contract with, said city. Before final submission of the case, plaintiff made, in this court, an application for an injunction pending the appeal. This application was denied. See 28 Wyo. 452, 206 Pac. 149, where the ordinance, the so-called contract, and other facts, in so far as pertinent and necessary to be stated herein, are fully set out. The case has now been fully submitted. The really vital question in the case is as to whether or not plaintiff in error obtained an exclusive franchise. It was necessary to determine that question on the former hearing, and we came to a negative conclusion and held that plaintiff in error ob-

tained nothing more than a license. We have, however, read the briefs of counsel filed on final submission of this case, and have re-examined the question, but notwithstanding the arguments of counsel for plaintiff in error, we have been unable to come to a conclusion different from the former.

The judgment of the lower court should accordingly be affirmed, and it is so ordered.

POTTER, Ch. J., and KIMBALL, J., concur.